## MAHER *v.* C. & J. RILEY.

PLAINTIFF sues on a contract of sale of cattle to be delivered within "three weeks at the furthest"—the consideration money being paid—adding also the common counts. Complaint avers the breach of the agreement by failure to deliver the cattle. *Held,* that it was not error in the Court below, instructing the jury that if defendants did not have the cattle ready for delivery at the time mentioned in the contract, they should find for plaintiff, and in assessing damages, they might find the purchase money, with ten per cent. interest, or the highest market price of the cattle to the time of trial.

APPEAL from the Fifteenth District.

The facts are stated in the opinion of the Court. The defense, so far as can be gathered from the record, seems to have been that the failure to deliver the cattle was partly the fault of plaintiff and partly owing to the difficulty of collecting them from the plains. On the day on which they were to be delivered, according to the contract, plaintiff went to defendants' ranch and demanded the cattle. Defendants answered they were ready to deliver as soon as they could hunt them up, etc. Defendants also claim that plaintiff then gave them two days further time, and that plaintiff did not properly demand the cattle at the expiration of the two days—having simply called at defendants' house and waited an hour without seeing defendants, who were out hunting the cattle, thirty head of which they had collected and had in the corral. Verdict for plaintiff for one thousand dollars principal and one hundred and twenty dollars damages. Defendants appeal.

*L. Sanders, Jr.,* for Appellant.

*C. E. De Long,* for Respondent.

BALDWIN, J. delivered the opinion of the Court—FIELD, C. J. concurring.

Suit was brought on an agreement for the sale of certain cattle. This agreement was evidenced by a memorandum in this form: "January 24th, 1860, sold to Michael Maher forty head of heifers, two years old in spring, to be delivered to him as soon as we can

collect them up off the plains—three weeks at the furthest—American heifers.    The title we guarantee. C. & J. Riley."    The sum of about one thousand dollars was the consideration of this contract, it being the price agreed on and paid for the cattle.    The complaint avers the breach of this agreement to deliver the cattle. The common counts are also added.    The Court instructed the jury, if the defendants did not have the cattle ready for delivery at the time mentioned in the agreement, they should find for the plaintiff, and in assessing the damages, they might find the amount of purchase money and ten per cent. interest, or they might find the highest market price of the cattle to the time of trial.

We think there was no error in this instruction.    It affirms the doctrine in *Dabovich* v. *Emeric*, 12 Cal. 171 ; Sedg. on Dam. 264.

We have examined attentively the argument of the appellant and the several points made.    We think that the assignments of error are not maintained, but as a detailed examination would settle no new principle, we cannot, in the pressure of business, go into any further criticism of the several points taken.