[No. 14060.   In Bank.— September 2, 1892.]

L. J. ROSE, RESPONDENT, v. JAMES FOORD, ADMIN-ISTRATOR, ETC., APPELLANT.

MONEY HAD AND RECEIVED— PURCHASE OF STOCK TO BE ISSUED— DELAY BEYOND REASONABLE TIME — RECOVERY OF PURCHASE-MONEY PAID. — A purchaser of the stock of a corporation to be issued, who has paid the purchase price, is entitled, after waiting a reasonable time for its issuance, to demand and receive back the money paid, and upon a refusal of the seller to return the money, may maintain an action to recover it, as money had and received to his use.

ID. — STOCK NOT IN EXISTENCE— MARKET VALUE— BREACH OF CONTRACT — DAMAGES. — The stock purchased never having been issued must be regarded as never having come into existence, and as having no market value, and in such a case the statutory rule of damages for breach of contract to sell personal property does not apply; and an action for damages for such breach would afford no redress. . .

ID. — STATUTE OF LIMITATIONS — DEMAND UPON VENDOR. — Until the mak-
ing of a demand upon the vender for the repayment of the purchase-
money, its retention by the vendor is lawful, and no cause of action
arises to recover it, and the statute of limitations does not commence to
run.

APPEAL from a judgment of the Superior Court of
Los Angeles County, and from an order denying a new
trial.

The facts are stated in the opinion of the court.

*Lee & Scott,* for Appellant.

*Chapman & Hendrick,* for Respondent.

*Gordon & Young,* and *John J. Roche, amici curiæ.*

BEATTY, C. J. — In November, 1882, the plaintiff and
defendant's intestate, N. R. Vail, made an agreement in
writing, by which said Vail sold and promised to deliver
to plaintiff 18,750 shares of stock in a mining corpora-
tion then about to be formed in the state of New York;
the shares so to be delivered being one half of the whole
number to which said Vail claimed he would be entitled
on the completion of the incorporation. The purchase
price of the stock — four thousand dollars — was paid
by the plaintiff at the date of the contract. The corpo-
ration was subsequently formed, but the issuance of its
stock was enjoined at the suit of third parties, and the
injunction has never been dissolved.

In March, 1888, Vail died, and in due time thereafter
plaintiff presented a proper demand to his adminis-
trator for the repayment of the four thousand dollars
advanced by him as the purchase price on said stock.
His demand being refused, plaintiff commenced this
action to recover said four thousand dollars, as money
had and received to his use. The findings and judg-
ment of the superior court were in favor of the plaintiff,
and defendant appeals from the judgment, and from an
order denying a new trial.

The appellant contends that the superior court erred

in finding that plaintiff was a purchaser of stock to be issued, claiming upon the evidence that he was really a purchaser of an interest in the mine, and upon this proposition mainly he bases his defenses to the action. We think, however, that the evidence very fully and clearly sustains the findings of the court as to the real nature of the contract, which is embodied in a series of letters written and received by the respective parties.

But admitting that the contract was as the court found it, the appellant still contends that the plaintiff mistook his cause of action, and that the action is barred by the statute of limitations.

Without noticing specially the various points made in the argument, it is sufficient to say that the stock which was the subject of the sale, never having been issued, must be regarded as never having come into existence; and the plaintiff, therefore, after waiting a reasonable time for its issuance, had a right to demand and receive back the money advanced upon the purchase. He was not confined to an action for damages for breach of contract to sell and deliver, and indeed, such an action would have afforded him no redress, for the stock, never having had an existence, had no market value, and the rule of damages in such actions (Civ. Code, secs. 3309, 3336) could not have been applied. The right to recover the purchase-money and interest in such a case is affirmed in *Peat Fuel Co.* v. *Tuck*, 53 Cal. 304, and in *Maher* v. *Riley*, 17 Cal. 415.

The proposition that the statutory rule of damages for breach of contract to sell personal property does not apply, and that other rules do apply when the subject of the sale has no market value, is sustained by the decision in *McKay* v. *Riley*, 65 Cal. 623. The plaintiff, then, we repeat, had a right, after waiting a reasonable time for the issuance of the stock, to demand back the purchase-money; and until he made such demand its retention by the vendor was lawful, there was no cause of action to recover it, and the statute of limitations did not begin to run.

No doubt the plaintiff might reasonably have made such demand long before Vail's death, but he never did. On the contrary, he accepted Vail's excuses for the delay, and offered to contribute to the expenses of procuring a dissolution of the injunction, which alone prevented the issuance of the stock. In short, he stood by the contract and waited for the stock till Vail died, and it does not lie in the mouth of the defendant to say that he waited too long. When he chose to wait no longer, and to demand back his money, he had an undoubted right to receive it.

The judgment and order are affirmed.

DE HAVEN, J., SHARPSTEIN, J., HARRISON, J., PATERSON, J., and MCFARLAND, J., concurred.

Rehearing denied.