[No. 19422.   Department One.—November 2, 1894.]

# SAVINGS BANK OF SAN DIEGO COUNTY, RESPONDENT, *v.* ANN BURNS, APPELLANT.

FORECLOSURE OF MORTGAGE—PLEADING—REFERENCE TO EXHIBIT.—The complaint in an action to foreclose a mortgage which avers that the defendant, on a certain day, " executed to the plaintiff a certain promissory note, and also a certain mortgage to secure the same, that a copy of said note is set out in said mortgage, and said mortgage is hereto attached and marked 'Exhibit B,'" is not insufficient for not expressly making the exhibit a part of the complaint, but the exhibit attached to the complaint forms a part of it, and must be so treated, as against a general demurrer.

BANKING CORPORATIONS—PUBLICATION OF STATEMENTS—REPEAL OF ACT OF 1876.—The act of April 1, 1876, requiring banking corporations to file with the county recorder, or to publish statements of their business, as a condition precedent to the maintaining of any action, was repealed by the act of March 9, 1893.

ID.—STATUTORY CONSTRUCTION—REFERENCE TO TITLE.—Reference may be had to the title of a statute as a legitimate aid in ascertaining the intention of the legislature, especially where the title is referred to in the body of the act, and the constitution gives particular importance to the title, by requiring that the statute should contain but one subject, and that it should be expressed in the title; and it is proper to read the body of the act and the title together to ascertain the legislative intent.

ID.—MORTGAGE TO PRESIDENT OF SAVINGS BANK—LOAN FROM BANK FOR PAYMENT—DEFENSE.—Where a mortgage was given to the president of a savings bank, which he had promised to renew and extend, but instead of such renewal he obtained a loan from the savings bank in payment of his note and mortgage, upon the execution of a new mortgage from his debtor to the bank, such transaction is no defense to a foreclosure of the mortgage by the bank.

ID.—LOAN TO OFFICER OF SAVINGS BANK—CONSTRUCTION OF CIVIL CODE.—A note and mortgage taken in violation of section 578 of the Civil Code which forbids a director or officer of any savings and loan corporation directly, or indirectly, or for himself, or as the partner or agent of others, to borrow any of the deposits or other funds of the corporation, is not thereby rendered void or unenforceable by the savings bank.

ID.—OBJECT OF CODE PROVISION—ILLEGALITY OF CONSIDERATION.—The obvious purpose of section 578 of the Civil Code is to protect savings banks and their depositors, and not to protect one who borrows money from the bank, and such borrower cannot defend a note or mortgage given for the money borrowed upon the ground of illegality of consideration, or that the contract was prohibited by statute.

ID.—CONTRACTS PROHIBITED BY STATUTE—PARTIES NOT IN PARI DELICTO —PROTECTION OF PARTICULAR PARTIES.—The general rule is that a contract founded upon an illegal consideration or prohibited by statute is

void; but there are exceptions to this rule, where the parties are not *in pari delicto*, and where a class of contracts is prohibited by statute for the protection of particular parties thereto, the adverse parties cannot take advantage of the illegality of such contracts.

APPEAL from a judgment of the Superior Court of San Diego County.

The facts are stated in the opinion.

*William Darby*, for Appellant.

The complaint is insufficient as the note and mortgage is not pleaded *in hæc verba*, but is merely attached to the complaint as an exhibit. It should have been expressly made a part of the pleading. (*Joseph* v. *Holt*, 37 Cal. 253; *Stoddard* v. *Treadwell*, 26 Cal. 302, 303; Boone on Code Pleading, sec. 26, note 2.) Matters of substance, necessary to be alleged in complaint, cannot be omitted and the defect supplied by reference to an exhibit attached to the complaint. (*Los Angeles* v. *Signoret*, 50 Cal. 298; *Burkett* v. *Griffith*, 90 Cal. 541; 25 Am. St. Rep. 151; *Brooks* v. *Paddock*, 6 Col. 36; *Bowling* v. *McFarland*, 38 Mo. 465; *Gebhard* v. *Garnier*, 12 Bush, 325; 23 Am. Rep. 721.) The act of April 1, 1876, is a complete defense to this action, and plaintiff's demurrer should have been overruled. (*Bank of British North America* v. *Cahn*, 79 Cal. 463; *Bank of British North America* v. *Alaska Imp. Co.*, 97 Cal. 28.) The act of March 9, 1893, did not repeal the act of April 1, 1876, referred to in the title of the later act, as the title of an act is no part of it, and therefore the words "said act is hereby repealed" are meaningless. (*Cohen* v. *Barrett*, 5 Cal. 209; Sutherland on Statutory Construction, sec. 210, notes 1–4; Endlich on Interpretation of Statutes, sec. 58, p. 73, notes *a*, *b*, p. 74, note 1; *Garrigus* v. *Board of Commrs.*, 39 Ind. 66; *Eastman* v. *McAlpin*, 1 Ga. 157; *Bradford* v. *Jones*, 1 Md. 351; *Commonwealth* v. *Slifer*, 53 Pa. St. 71; *Plummer* v. *People*, 74 Ill. 361; *Hadden* v. *Collector*, 5 Wall. 110; *Ogden* v. *Strong*, 2 Paine, 584; *Brooks* v. *Hydorn*, 76 Mich. 280; 23 Am. & Eng. Ency.

of Law, 327, note 7.)   The title of an act is never allowed
to enlarge or control the language in the body of the
act.   (*Hagar* v. *Supervisors of Yolo County*, 47 Cal. 232;
*Barnes* v. *Jones*, 51 Cal. 306; *Harris* v. *Supervisors*, 52
Cal. 553; 23 Am. & Eng. Ency. of Law, 329.)   The tak-
ing of the note and mortgage sued upon by the plaintiff
was a violation of the provisions of section 578 of the
Civil Code, and the note and mortgage were therefore
null and void, and no action can be maintained upon
same.   (Civ. Code, sec. 1667; *Gardner* v. *Tatum*, 81 Cal.
373; *Swanger* v. *Mayberry*, 59 Cal. 91; *Ladda* v. *Hawley*,
57 Cal. 51; *Capron* v. *Hitchcock*, 98 Cal. 427.)   The plain-
tiff in this case knew of the violation of law invalidat-
ing this note and mortgage, and its remedy is now and
always has been against its delinquent president, who
as to it is merely a trustee.   (*Bayley* v. *Taber*, 5. Mass.
286; 4 Am. Dec. 57; *Vallett* v. *Parker*, 6 Wend. 615;
*Richardson* v. *Crandall*, 48 N. Y. 362; *Collins* v. *Blantern*,
1 Smith's Lead. Cas., 9th Am. ed., 668, 669, 675, 685;
5 Lawson's Rights, Remedies, and Practice, secs.
2392, 2393; 9 Am. & Eng. Ency. of Law, 880, 883,
909, 910.)   Courts do not decline to enforce con-
tracts of this kind out of any sympathy for the party
opposing the enforcement of the contract, but "inter-
vene for the sake of the law itself."   (*Kreamer* v. *Earl*,
91 Cal. 118; *Valentine* v. *Stewart*, 15 Cal. 405; *Richardson*
v. *Crandall*, 48 N. Y. 362.)   In fact the courts in some
instances have declined to aid either party, or to take
any action where the party seeking the enforcement of
the contract was apparently entirely innocent.   (*Spur-
geon* v. *McElwain*, 6 Ohio, 442; 27 Am. Dec. 266; *Dillon*
v. *Allen*, 46 Iowa, 299; 26 Am. Rep. 145; *Conley* v.
*Sims*, 71 Ga. 161; *Law* v. *Hodgson*, 2 Camp. 147.)   The
purpose of section 578 of the Civil Code is clearly to
protect the general public by securing and guarantee-
ing the exercise of the greatest amount of sober judg-
ment and sound business sense in the making of loans;
and this is the only way in which the rights of deposit-
ors can be protected; and any contracts contravening

such conditions, in any particular, are null and void, and courts will not enforce them. (*Miller* v. *Post,* 1 Allen, 434; *Smith* v. *Arnold,* 106 Mass. 269; *Dolson* v. *Hope,* 7 Kan. 161; *Solomon* v. *Dreschler,* 4 Minn. 278; *Johnson* v. *Hulings,* 103 Pa. St. 498; 49 Am. Rep. 131; 3 Am. & Eng. Ency. of Law, 872.)

*McNealy & Whitehead,* for Respondent.

The complaint was sufficient, as it was enough to attach a copy of the note and mortgage to the complaint without setting them out in full. (*Joseph* v. *Holt,* 37 Cal. 253–56.) The act of April 1, 1876, was repealed by the act of March 9, 1893. (See *First Nat. Bank* v. *Henderson,* 101 Cal. 307; Endlich on Interpretation of Statutes, secs. 58, 59; *Myer* v. *Western Car Co.,* 102 U. S. 11; *Wilson* v. *Spaulding,* 19 Fed. Rep. 306.) The title of the act could be considered in construing the act. (Endlich on Interpretation of Statutes, secs. 58, 59; *Myer* v. *Western Car Co* , 102 U. S. 11; *Wilson* v. *Spaulding,* 19 Fed. Rep. 306.) Where the law imposes a penalty upon one class of persons in order to protect another the parties are not *in pari delicto,* and those intended to be protected can recover money paid in violation of law. (*Gray* v. *Roberts,* 2 A. K. Marsh. 208; 12 Am. Dec. 383, and note on p. 385.)

BELCHER, C.—This is an action to foreclose a mortgage. The defendant demurred to the complaint upon the ground that it did not state facts sufficient to constitute a cause of action, and the demurrer was overruled. She then answered, setting up that the plaintiff had not complied with the requirements of the act of April 1, 1876, "concerning corporations and persons engaged in the business of banking," and also that in making the loan referred to in the pleadings plaintiff had violated section 578 of the Civil Code. The plaintiff demurred to the answer, and the demurrer was sustained, and thereupon, defendant declining to amend,

judgment of foreclosure was entered as prayed for, from which this appeal is prosecuted.

1. The first point made for a reversal is that the court erred in overruling the demurrer to the complaint. The alleged insufficiency of the complaint is based upon the fact that it simply avers that on a certain day the defendant "executed to the plaintiff a certain promissory note, and also a certain mortgage to secure the same; that a copy of said note is set out in said mortgage, and said mortgage is hereto attached and marked 'Exhibit B'"; and it is claimed that, as the exhibit is not expressly made a part of the complaint, it does not constitute a part of it, and therefore it cannot be ascertained from the pleading when the note matured, nor what property was mortgaged to secure its payment.

This point cannot be sustained. The exhibit, as attached to the complaint, forms a part of it, and must be so treated, notwithstanding no express words declaring it to be so are used. In *Ward* v. *Clay*, 82 Cal. 502, it was held that a copy of a note annexed to the complaint, and referred to in the body of it as an exhibit, forms a part of the complaint, and may properly be referred to by the court for the purpose of ascertaining the form and contents of the note. And in *Whitby* v. *Rowell*, 82 Cal. 635, it was held that when the complaint in an action to foreclose a mortgage has a copy of the mortgage annexed as an exhibit, to which it refers, a correct description of the land in the mortgage is sufficient for all purposes of the suit.

There are other cases to the same effect, but they need not be cited. The cases cited by appellant are clearly distinguishable from this case, and are not in point.

The complaint was not well drawn, but when tested by a general demurrer we think it must be held sufficient.

2. The next point is that the court erred in sustaining the demurrer to the first defense set up in the answer. That defense was that the plaintiff had failed to file with the county recorder or publish the state-

ments required by the act of April 1, 1876 (Stats. 1876, p. 729), and therefore could not maintain the action.

The only question to be considered under this head is as to whether or not the act referred to had been repealed.

In 1893 an act was passed by the legislature and approved March 9th, reading as follows (Stats. 1893, p. 112):

"An act to repeal an act entitled 'An act concerning corporations and persons engaged in the business of banking,' approved April 1, 1876.

"Section 1. Said act is hereby repealed.

"Sec. 2. This act shall take effect and be in force from and after its passage."

It is earnestly contended that this act did not repeal the act referred to in its title, for the reason that the title of an act is no part of the act, and therefore the words, "Said act is hereby repealed," are meaningless.

In Endlich on the Interpretation of Statutes, section 58, it is said: "In this country, whilst the title of a statute is not, in general, regarded as a part of the same, it is nevertheless regarded as a legitimate aid in ascertaining the intention of the legislature when the language and provisions in the body of the act are ambiguous and of doubtful meaning and application." And again in section 59: "The propriety of such reference is especially manifest where the title is referred to in the body of the act, and all the more justifiable, in cases of uncertainty, where the constitution gives significance and assigns particular importance to the title by requiring that a statute shall contain but one subject, and that it shall be expressed in the title."

In *Myer* v. *Western Car Co.*, 102 U. S. 1, Chief Justice Waite, in delivering the opinion of the court, said, commencing on page 11: "In cases of doubt the title might always be resorted to for the purpose of ascertaining the meaning of the body of the act, but especially is this true in states like Iowa, where the constitution provides that ' every act shall embrace but one subject and matters

properly connected therewith, which subject shall be expressed in the title.' "

In *Wilson* v. *Spaulding*, 19 Fed. Rep. 304, Mr. Justice Blodgett, after reviewing the authorities, said: " These authorities seem to fully sustain the right of the court to look at the title for the purpose of ascertaining the intent of Congress when the intent is doubtful or obscure from the body of the act, . . . . but, reading the body of the act and the title together, there can be no question what section the act is applicable to."

In *First National Bank* v. *Henderson*, 101 Cal. 307, one of the defenses set up in the answer was the same as that now under consideration here, and no question was raised by counsel or the court as to the validity of the repealing act of March 9, 1893. It was assumed that the act of April 1, 1876, was repealed by it, and the effect of the repeal was very fully discussed.

In view of the authorities, we think the court below did not err in also assuming that the said act of April 1st was effectually repealed, and in sustaining the demurrer to the said first defense.

3. The only other point made for a reversal is, that the court erred in sustaining the demurrer to the second defense set up in the answer.

That defense was, in effect, that at all the times named in the pleadings one Bryant Howard was the president of the plaintiff corporation, which was a savings bank duly organized and doing business under the laws of this state; that at the time of the execution of the note and mortgage set out in the complaint defendant was indebted to Howard in the exact sum named in said note, and that said sum was secured by a mortgage executed by defendant upon the same land embraced in her mortgage to the plaintiff; that, immediately prior to the execution of the note and mortgage to the plaintiff, Howard importuned her to pay him the amount due upon her said note and mortgage, and that she then and there informed him that she was unable to pay the same, and he thereupon promised and agreed to renew

and extend said loan; that immediately thereafter the note and mortgage set out in the complaint were sent to her by one of the officers of the plaintiff, and that, believing it to be an extension of her loan by Howard, she signed and executed the same without reading them; that after deducting prior encumbrances on said property the value thereof was much less than the sum named in said note, and that Howard procured and induced plaintiff to make said loan to her for the purpose of paying to himself her said note and mortgage to him, and that this fact and all other facts alleged by defendant were known to plaintiff and its officers at the time of the execution of her said note and mortgage to it.

The contention is that the admitted averments of the answer show that the loan was made to defendant, and her note and mortgage taken in violation of section 578 of the Civil Code, and therefore no action can be maintained to enforce payment of the same.

The section referred to reads as follows: " No director or officer of any savings and loan corporation must, directly or indirectly, for himself or as the partner or agent of others, borrow any of the deposits or other funds of such corporation. . . . . The office of any director or officer who acts in contravention of the provisions of this section immediately thereupon becomes vacant."

We do not think this contention can be sustained. The obvious purpose of the section of the code invoked and relied upon was to protect savings banks and their depositors. To hold, therefore, that if the deposits or funds of such a bank should be borrowed by any of its officers, directly or indirectly, no action could be maintained by the bank to recover back the money, would often work out great injustice and wrong.

The general rule, undoubtedly, is that a contract founded upon an illegal consideration or prohibited by statute is void. There are, however, exceptions to this rule where the parties are not *in pari delicto.* Many of these exceptions are referred to in the note to *Gray* v.

*Roberts*, 12 Am. Dec. 385, and among others the following: It is said: "Upon similar principles it has been held that where a class of contracts is prohibited for the protection of particular parties thereto, the adverse parties cannot take advantage of the illegality of such contracts. Thus, when there was a statute prohibiting the loaning of public school funds, except on mortgages on unencumbered lands, it was held that one who borrowed such funds, and gave a mortgage on unencumbered land to secure the same, could not resist the enforcement of the contract as illegal, because the law was designed for the protection of the state and not of the borrower (citing Indiana cases). So in *Babcock* v. *Goodrich*, 47 Cal. 509, where the law required that contracts made by the state or a municipal corporation for labor should contain a stipulation that eight hours a day should be a day's work, and a contract was made with a county in which no such provision was inserted, it was held that the county could not take advantage of the omission because the law was made for the protection of the laborer."

In our opinion this case is within the well-recognized exceptions to the general rule, and the court therefore properly sustained the demurrer to the second defense.

We advise that the judgment be affirmed.

VANCLIEF, C., and TEMPLE, C., concurred.

For the reasons given in the foregoing opinion the judgment appealed from is affirmed.

> HARRISON, J., VAN FLEET, J., GAROUTTE, J.