## SAVINGS BANK OF SAN DIEGO COUNTY v. FISHER et al.

### No. 19,557; August 26, 1895.

#### 41 Pac. 490.

**Actions—Misjoinder.**—Error, if Any, in Overruling a demurrer to a complaint on the ground that it united with a cause of action for foreclosure of mortgage a cause of action on a guaranty is harmless, the court having found that the guaranty was without consideration.

---

[1] Cited in the note in Ann. Cas. 1912B, 500, on right of public officer or board to delegate power of approval.

**Bills and Notes—Guaranty—Demand and Notice.**—An indorser of a note signed the following provision thereon: "I hereby guarantee the payment of the within note, . . . . and waive presentation, demand, notice of nonpayment and protest." Held, that as demand and notice of nonpayment need not be given a guarantor, the waiver was by the party as indorser.

APPEAL from Superior Court, San Diego County; E. S. Torrance, Judge.

Action by the Savings Bank of San Diego County against John C. Fisher and others. Judgment for plaintiff. Defendants Mary C. Morse and husband appeal. Affirmed.

M. A. Luce for appellants; McNealy & Whitehead for respondent.

HAYNES, C.—The defendant John C. Fisher on April 11, 1891, made and delivered to the defendant Mary C. Morse his promissory note payable one year after date, and on the same day executed to her a mortgage to secure the same. On July 17, 1891, said Mary C. Morse indorsed said note in blank to the plaintiff, and assigned to it said mortgage. This action was brought against Fisher and the appellants Mary C. Morse and her husband, E. W. Morse, to foreclose said mortgage, and to fix the liability of Mary C. Morse, as indorser and guarantor, in case the mortgaged property should prove insufficient to satisfy the judgment. Findings were filed, and a decree entered foreclosing the mortgage, and directing that if, upon the sale of the mortgaged property, the proceeds should be insufficient to satisfy the amount found due the plaintiff, a deficiency judgment should be docketed against Fisher and said Mary C. Morse. Said Mary C. Morse and her husband appeal from the judgment and an order denying a new trial.

The complaint alleged that at the time Mary C. Morse indorsed said note and assigned said mortgage to the plaintiff she guaranteed the payment of the note, and waived demand and notice, by signing the following words stamped upon the back of the note, to wit: "For value received, I hereby guarantee the payment of the within note, principal, interest, and attorney's fee, and waive presentation, demand, notice of nonpayment, and protest." The defendants Mary C. and E. W. Morse demurred to the complaint upon several grounds, of

which the following only need be noticed: (1) That several causes of action have been improperly united, in this: that an action for the foreclosure of a mortgage against Fisher has been united with an action against Mary C. Morse as guarantor; (2) that these separate causes of action have been united, but are not separately stated and numbered. The second alleged defect was also attacked by motion to require these causes of action to be separately stated.

The court, however, found that the guaranty was made after the note had been indorsed and delivered, and that it was without consideration. It is, therefore, not necessary to discuss or decide whether a cause of action against Mary C. Morse upon the guaranty could be joined with a cause of action against Fisher upon the note; for, if it be conceded that the court erred in not sustaining the demurrer upon that ground, she was not injured, the court having found that she was not liable as guarantor. She was properly joined as a defendant as an indorser, so that the joinder as a party was proper, independently of any question of liability upon the guaranty.

The question arising upon the denial of the motion may be similarly disposed of. Counsel for appellants have not pointed out any possible theory upon which the judgment would have been more favorable to them if the court had ruled differently upon either the demurrer or the motion.

The defendants Mary C. Morse and E. W. Morse answered the complaint, and alleged: (1) That said guaranty was not made or signed at the time the note was indorsed and delivered, but long afterward, and that it was without consideration; (2) that plaintiff is and was a banking corporation, and had not complied with the act of April 1, 1876, requiring it to publish and file for record in the recorder's office a sworn statement of the amount of its capital, the value of its assets, etc.; (3) that plaintiff had delayed bringing the action to foreclose, that the mortgaged property had greatly depreciated, and Fisher had become insolvent, whereby, etc. Plaintiff's demurrer to the first defense was overruled, and was sustained to the second and third defenses. The only question arising upon the demurrer to the second defense is whether said act of April, 1876, requiring banking corporations to publish and record said statements, was repealed by the act approved March 9, 1893: Stats. 1893, p. 112. That the former act was repealed by the last-mentioned act was expressly decided in

Savings Bank of San Diego v. Burns, 104 Cal. 473, 38 Pac. 102, and that question need not be further considered. As to the third defense, it is not contended by appellants here that it stated facts constituting a defense. The demurrer to the second and third defenses was properly sustained.

The only remaining question is one presented by the motion for new trial, viz., whether the defendant Mary C. Morse waived presentation, demand and notice of nonpayment of said note. Appellants contend that she did not, that she is not liable for any deficiency, and that the judgment against her should be reversed. There is no conflict of evidence. The undisputed facts are that on July 17, 1891, Mrs. Morse transferred said note to the plaintiff by writing her name thereon, without other words; that about a month afterward, and before said note became due, the bank stamped upon the back of the note the words: "For value received, I hereby guarantee the payment of the within note, principal, interest, and attorney's fee, and waive presentation, demand, notice of nonpayment, and protest"; and Mrs. Morse signed her name thereto. No demand and notice of nonpayment is required to be given to a guarantor. His liability attaches immediately upon the default of the principal, without demand or notice: Civ. Code, sec. 2807. Neither party, therefore, could have intended the waiver to aid the guaranty; but banks are not in the habit of releasing any ground of liability, and therefore desired to hold her as indorser without the necessity of a formal demand and notice of nonpayment, while she, if she were willing to guarantee payment, could reasonably have no objection to fixing her liability as indorser by making the waiver. But, however that may be, as the waiver could not relate to or affect the guaranty, and could only have effect or operation upon her liability as an indorser, the court correctly found that she waived demand and notice of nonpayment, and was liable upon her indorsement. The judgment and order appealed from should be affirmed.

We concur: Searls, C.; Belcher, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.