[Civ. No. 149. Fourth Appellate District.—June 27, 1931.]

D. F. ROSSI, Respondent, v. A. V. JEDLICK, Appellant.

Hendee & Rodabaugh for Appellant.

A. T. Procopio for Respondent.

BARNARD, P. J.—This action was brought to recover money paid by the plaintiff to A. V. Jedlick and Harry H. Heim as a preorganization subscription to the capital stock of a corporation. The action was dismissed as to John Doe and the Hawk Company. At the time the money was paid, the defendants gave to the plaintiff the following receipt:

"San Diego, California
"April 6, 1925.

"Received of D. F. Rossi the sum of three thousand dollars ($3000.00) as a preorganization subscription to the capital stock in a corporation to be organized by the undersigned to be known as the Jedlick-Heim Co., which corporation is to take over the business now being conducted by the undersigned at the southeast corner of Sixth and C streets, San Diego, California. Should said Rossi and the undersigned be unable to agree upon the terms, price and conditions upon which said corporation is to take over said business or upon any of the other details connected with or arising out of said matters or connected therewith we agree to repay said amount to said Rossi together with interest thereon at the rate of 7% per annum from the date hereof to the date of payment together with any further sum said Rossi may advance in connection with these matters and interest thereon, within 90 days after said Rossi shall have made written demand for the same, which said written demand shall be given us personally.

"A. V. JEDLICK
"HARRY H. HEIM."

At the time this instrument was executed, no permit to sell stock in the proposed corporation had been issued. Plaintiff's subscription for stock was not mentioned in the articles of incorporation, which were later filed under the name of Jedlick-Heim Co. The said Jedlick-Heim Co. did not receive its charter until October 1, 1926. Some time later application was made to the commissioner of corporations for permission to issue stock of the corporation in exchange for the business which had been previously conducted

by Jedlick and Heim. A conditional permit was issued, which provided that the stock should be placed in escrow until it should be ordered released by the corporation commissioner. Such a release was never ordered, and the stock was never delivered. A number of oral demands were made by the plaintiff for the return of his money, and on October 18, 1928, a written demand therefor was made. Thereafter, this action was brought.

The complaint alleges that Jedlick and Heim are indebted to the plaintiff in the sum of $3,000 on account of moneys, at the special instance and request of said defendants and pursuant to the written agreement above set forth, paid and advanced to said defendants by the plaintiff. It further alleges the parties to the agreement have been unable to agree upon the terms, price and conditions upon which the corporation mentioned was to take over the business referred to, and that they have been unable and have not agreed to any of the details in connection therewith. It is then alleged that the plaintiff has elected to declare the said amount due and owing from the defendants, and has made written demand therefor. The defendants answered and the case was tried before the court without a jury.

The court found that the agreement was entered into and the money paid; that the defendants had no permit from the commissioner of corporations to issue or sell stock in the corporation; that the corporation subsequently formed received its charter on October 1, 1926, more than ninety days after the execution of the subscription agreement; that the plaintiff signed the articles of incorporation in which he is named as having subscribed for one share of stock; that on March 11, 1927, a permit was issued by the commissioner of corporations authorizing the issuance of 480 shares of stock in exchange for the assets of a business which had theretofore been carried on by these defendants, but requiring said stock to be placed in escrow until certain conditions were complied with and until it was authorized to be released by the corporation department; that such a release has never been authorized; that the plaintiff has received nothing for his $3,000, other than the written receipt and contract above set forth, and no stock has ever been delivered to the plaintiff; that the parties to the agreement referred to have not been able and have not agreed upon the details

connected with the organization of the proposed corporation; and that demand has been made for the return of the money, which demand has been refused. As conclusions of law, the court found that the defendants' promise to deliver the stock in question was void, and also found that the defendants had breached their contract through failure of consideration, and through their failure to repay the plaintiff after demand made. A judgment in favor of the plaintiff followed, from which this appeal is taken.

Appellant's particular contention is that the judgment is in reality based upon a cause of action for money had and received, and that such a cause of action is both outside the allegations of the complaint and barred by the statute of limitations. This contention is based not upon the findings, but upon the first conclusion of law, to the effect that the agreement in question was void because the defendants were at that time prohibited by law from entering into such a subscription contract, and that the payment of the $3,000 was without legal consideration and the defendants held the same for the use and benefit of the plaintiff.

We think this agreement was not void at the time it was entered into. Section 25 of the Corporate Securities Act, as amended in 1921 (Stats. 1921, pp. 1114, 1118, sec. 3), provides as follows:

"Neither this act nor any provision hereof shall be deemed to prohibit subscriptions for shares of a domestic corporation made prior to the incorporation thereof and set forth in its articles of incorporation; but such subscription shall be deemed to have been made and accepted upon the condition that such corporation shall be incorporated within ninety days thereafter and, when incorporated, shall with reasonable diligence apply for and secure from the commissioner a permit authorizing the issue of the shares so subscribed for, in accordance with such subscription."

Under the terms of this section it was incumbent upon the defendants to set forth this subscription for stock in the articles of incorporation of the corporation subsequently formed, and the subscription was deemed to have been made and accepted upon the condition that incorporation should take place within ninety days, and that the incorporators would thereafter proceed with reasonable diligence to secure a permit for the issuance of the shares thus subscribed for.

This section became a part of the contract by operation of law. Any subsequent illegality in the contract arose through the failure of the defendants to carry out the terms imposed by law. Through this failure the defendants breached the contract in an additional respect. The defendants had agreed to return the money in a written agreement which did not outlaw for four years. ██ It was valid when made, and any subsequent invalidity not only arose through the actions of the defendants, but applies only to the transfer of the stock. While their own neglect later made it impossible for the defendants to enforce the subscription for stock as against the plaintiff, their own agreement to return the money paid upon certain conditions, was not rendered illegal. In the absence of any written agreement, the law would have implied an agreement to return the money paid (*Santa Clara Valley Peat Fuel Co.* v. *Tuck,* 53 Cal. 304). This being so, certainly a written agreement to return the money would not be contrary to law when the entire contract was legal when made, and any subsequent illegality arose through the fault of the defendants. The court found upon sufficient evidence that the contract itself had been breached, and in addition found that the defendants had failed to comply with the provisions of section 25 of the Corporate Securities Act, which were a part of the contract. Under such circumstances, we are of the opinion that the respondent was not barred from bringing an action under the contract to recover the money paid. ██ Where a class of contracts is prohibited for the protection of particular parties thereto, the adverse parties cannot take advantage of the illegality of such contracts (*Savings Bank* v. *Burns,* 104 Cal. 473 [38 Pac. 102] ; *Smith* v. *Bach,* 183 Cal. 259 [191 Pac. 14]). ██ The inhibitions of the Corporate Securities Act are designed for the protection of the purchasers of stock in corporations, and the finest of technicalities should not be indulged in to enable the promoters of such corporations to escape their obligation to the very persons whom the statute was designed to protect.

██ Even if the action should be construed as one for money had and received, it would not necessarily follow, under the circumstances here existing, that this action was barred by the statute of limitations. In *Rose* v. *Foord,* 96 Cal. 152 [30 Pac. 1114, 1115], certain stock in a certain cor-

poration had been paid for under a written agreement that the same should be delivered. The issuance of the stock was held up by an injunction and after about six years, plaintiff sued for the return of the money paid, in an action for money had and received. The court held that the plaintiff was not confined to damages for breach of his contract, but that he had a right after waiting for a reasonable time, to demand the return of his money, that until such demand was made the retention of the money by the seller was lawful and, therefore, there was no cause of action prior to the demand and the statute had not run. In the case before us, the agreement was legal when made, the defendants did not comply with the statute, and later, the stock, although issued, was held up to the terms of the permit, so that it could not be delivered to the plaintiff. While he had the right to demand the return of his money at an earlier date, until he did demand it, the retention of the money by the defendants was lawful. While he waited longer than he was required to wait, as was said in *Rose* v. *Foord, supra,* "it does not lie in the mouth of the defendant to say that he waited too long. When he chose to wait no longer and to demand back his money, he had an undoubted right to receive it". As was said in *Richter* v. *Union Land etc. Co.*, 120 Cal. 367 [62 Pac. 39, 41] :

"But the action is not for a breach of the original contract, but upon an obligation growing out of the failure to perform it. The plaintiff was not bound to treat the contract as abandoned on the first breach of it, or on any particular breach, but had his election still to rely upon it. The statute could not begin to run until he made his election to rely no longer upon the contract and to sue for the money paid to the defendant under it."

The defendants were obligated to return this money both by the contract implied by law and by their express contract. They seek to avoid this liability on the claim that their written contract was void under the statute and that their implied contract was barred by the statute of limitations. While such a result might obtain under some circumstances, we think it is not necessary to so hold under the conditions here existing.

A further consideration is that the bar of the statute of limitations was not pleaded by the defendants. While

they seek to explain this by asserting that they took a different view of the complaint, and while they requested permission to amend their answer in that regard after the court's decision had been announced, the situation is not one that requires us to hold that the court abused its discretion.

Appellant asserts that the finding that the details connected with the transaction in question were never agreed upon, is not supported by the evidence. The matters pointed out in this connection merely create a conflict in the evidence upon this point. The defendant Heim, after testifying to numerous disagreements, testified that he was finally compelled to leave when the lock on the door was changed to prevent him from entering the premises, and that nothing was definitely agreed upon, prior to his departure.

The only other point raised is that the written agreement above referred to was abandoned and extinguished by mutual consent, and that thereafter, a new and distinct agreement was made by the parties, which new agreement was fully performed. It is here contended that at a later date the respondent purchased an interest in the business previously conducted by the defendants, paying therefor the sum mentioned in the written agreement, and that he was in fact one of the partners, irrespective of the forming of the corporation. Not only is this defense not pleaded but it is not supported by the evidence. Nothing appears in the evidence to indicate that the respondent did anything other than assist in the formation of the corporation by signing its articles of incorporation and by attending meetings at which the parties were attempting to arrive at an agreement concerning the details of the transaction. In this connection appellant relies upon certain testimony given by Heim in which he stated that they considered the respondent one of the firm, and that he would have shared in the profits if there had been any; that respondent was supposed to get stock if they incorporated, but until things were settled he would share in the profits. However, Heim also testified that he could not remember having talked such a proposition over with the respondent. There is no evidence that such an arrangement was ever agreed to by the respondent, or even mentioned to him. Jedlick testified as follows: "Q. Was he to receive an interest in the business or was he to

receive some stock? A. Well, stock, as soon as the corporation is formed, naturally stock.''

While we are not in accord with the first conclusion of law set forth by the trial court, we think the judgment is sustained both by the pleadings and the evidence, and that the action was not barred by the statute of limitations.

The judgment is affirmed.

Marks, J., and Jennings, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 27, 1931, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 24, 1931.