## HAWLEY *against* SAGE.

When money is received, by one man, which belongs to another, the law generally raises a promise, on the part of the receiver, that he will pay it, and that too, without any previous request.

If from the situation of the parties, or the relation in which they stood to each other, or any express stipulation between them, such implied promise may be rebutted or qualified, it is for the receiver to shew it.

Therefore, where *A*, having a draft on a bank in *New-York* for 1000 dollars, two thirds of which belonged to himself and one third to *B*, put such draft into the hands of *B*, to receive the money thereon, and to divide the avails in that proportion ; *B* received the money ; and after a reasonable time had elapsed, *A* sought to recover his share, in an action of *indebitatus assumpsit* for money had and received, against *B*, without previous demand or request ; it was held, that no such demand or request was necessary.

THIS was an action of *indebitatus assumpsit* for money had and received to the plaintiff's use.

The cause was tried at *Litchfield, February* term, 1842, before *Storrs*, J.

The plaintiff's claim was for 666 dollars, 66 cents. In support of this claim, he offered in evidence a draft by the *Bank of Charleston, S. C.*, on the *Union Bank, N. Y.*, in favour of the plaintiff, bearing date the 25th of *May*, 1837, for the sum of 1000 dollars, payable at sight ; two thirds of

which, the plaintiff claimed to have proved belonged to him, and the other third, he admitted, was the property of the defendant and others. The plaintiff claimed to have proved, that on the 9th of *June*, 1837, at *Colebrook*, he placed this draft in the hands of the defendant, that he might collect it, and divide the avails, as above stated; and that, on the 14th of *June*, 1837, the defendant did collect it, at *New-York*.

The defendant claimed, that the plaintiff had not requested or demanded of him, the defendant, the payment of said two thirds of the draft, or any part thereof, since the defendant had collected it; insisting, that the plaintiff could not recover of him until after a demand. There was no claim nor proof of any agreement that the money should be specially demanded; nor any question made, or proof offered, as to whether a reasonable time had elapsed, between the receipt of the money by the defendant, and the time of bringing the suit. It was, however, claimed by the plaintiff, and not denied by the defendant, that such reasonable time had elapsed.

The court instructed the jury, that no request or demand of the plaintiff was necessary; and that, if the jury should find the facts, as claimed by the plaintiff, other than such request or demand, they would give their verdict for him.

The jury returned a verdict for the plaintiff; and the defendant moved for a new trial for a mis-direction.

*W. W. Ellsworth*, in support of the motion, contended, That under the circumstances stated therein, the plaintiff could not maintain this action. The defendant holds the money as *trustee ;* and the law requires him to *keep* it for the benefit of the *cestuy que trust*, until he calls for it. The defendant need not go round and hunt him up; nor is he obliged to remit the money, without an order for that purpose. The money came into his hands pursuant to his contract with the plaintiff; and there has been no breach of that contract since. The defendant is ready, for aught that appears to the contrary, to pay over the money, as soon as it is called for, or he is advised to remit it. It is well settled, that an attorney at law, who has collected money for another, is not liable to be sued for it, until demand made or directions given to remit. *Taylor* v. *Bates*, 5 *Cowen*, 376. *Rathbun* v. *Ingals*, 7 *Wend.* 320. What is the defendant, in relation to

the money in question, but the attorney of the plaintiff? There are no circumstances in this case, shewing, or affording an inference, that the defendant has waived, or dispensed with, demand or request.

*O. S. Seymour,* contra, contended, That a *debt* was created, by the receipt of the money, in this case, the payment of which was not dependent on any condition precedent. 1 *Chitt. Plead.* 322. *Warren* v. *Powers,* 5 *Conn. Rep.* 374. 4 *Conn. Rep.* 470. In all cases where there is a precedent debt to be paid or duty to be performed, even where the party agrees, in express terms, to pay on demand, the law dispenses with actual demand, and deems the bringing of the suit a demand. In this case, if there had been an express agreement to divide the avails of the draft *on demand,* the receipt of the money, by the defendant, would have created a precedent debt or duty, within the rule ; and an obligation to pay over the money immediately, or at least after a reasonable time, would have arisen. Here the jury have found, that a reasonable time had elapsed. If there are any facts in the case to take it out of the general rule, it is incumbent on the defendant to show those facts. If he claims that there was any agreement or understanding of the parties, that he should not pay over the money, without an order from the plaintiff, the proof of it must come from him. As the case now stands, he is *indebted* to the plaintiff, to the amount of this money ; and no demand or request is necessary to perfect his liability.

*Holabird,* on the same side, declined argument.

Hinman, J. It is objected to the charge of the judge at the circuit, that he omitted to instruct the jury, that a special demand or request of the sum claimed to be due from the defendant, in this case, was a necessary prerequisite to the plaintiff's right of recovery ; and that, on the contrary, he instructed them, that no such request or demand was necessary ; but if they should find the other facts as claimed by the plaintiff, except said request or demand, they ought to find for the plaintiff.

On examining the motion, we find, that the case, as claimed by the plaintiff, and which the jury must have found proved,

in order to have rendered their verdict in his favour, was simply this.　*Hawley*, the plaintiff, had in his hands a draft of the *Bank of Charleston, S. C.,* on the *Union Bank, N. Y.,* in his favour, for 1000 dollars, payable at sight, and dated *May,* 1837 ; two thirds of which was his, and the other third belonged to the defendant.　The defendant took this draft to collect ; and when collected, *to divide the avails, as above stated ;* and though he had collected it, and did not deny that a reasonable time in which to pay the plaintiff his share, had elapsed ; yet he claimed, that he was not bound to pay, without a special request.

As a general rule, a party is bound to perform his contracts, without being first requested so to do ; and, unless there be an express stipulation in the contract, that a request or demand of performance shall be made, or it be requisite from the peculiar nature of the bargain, none is essential to complete the cause of action.　And where there is a precedent debt or duty, no request is in general necessary.　*Chitt. Cont.* 733.　1 *Chitt. Pl.* 223.　1 *Sw. Dig.* 699.

These are familiar elementary principles ; and an application of them to the facts which the motion presents, shows the charge to be unexceptionable.

In the first place, so far from there being any thing in the peculiar nature of this bargain, from which it can be inferred that the parties contemplated that the defendant was to keep the avails of this draft, till the plaintiff specially requested and demanded his share of it, the inference is all the other way. He was to collect the draft, and *divide the avails* as above stated.　What was intended by this stipulation ?　What duty did it impose upon the defendant ?　To separate the plaintiff's two thirds of the money from the defendant's one third, would of itself have been a very useless ceremony. Something more than that must have been intended ; and if so, though more apt words might perhaps have been used for that purpose, it is clear, that nothing less than to collect, divide and pay over to the plaintiff his share, within a reasonable time, could have been contemplated.

But again ; as soon as the defendant had collected the draft, he had in his hands nearly seven hundred dollars of the plaintiff's money, which he had received to the plaintiff's use. It was then a debt due the plaintiff ; and it was the defend-

ant's duty to pay it. No special request, was, therefore, necessary. But if there was any thing to take the case out of the general rule, it was for the defendant to show it. When money is received by one man, which belongs to another, the law raises a promise, on the part of the receiver, that he will pay it, and that too, without any previous request. If, therefore, from the situation of the parties, or the relation in which they stood to each other, this implied promise could have been rebutted, the defendant should have shown it. But as he has shown nothing but a desire to keep the plaintiff's money, his case must be governed by the general rule applicable to a precedent debt or duty.

The charge was, therefore, right ; and a new trial is not advised.

In this opinion the other Judges concurred.

New trial not to be granted.