[Sac. No. 622.   Department One.—July 30, 1900.]

## L. E. RICHTER, Respondent, v. UNION LAND AND STOCK COMPANY, Appellant.

129  367
133  444
129  367
f149  121

DEED OF WATER RIGHT—CONTRACT FOR DELIVERY—TOTAL FAILURE OF CONSIDERATION—RECOVERY BACK OF MONEY PAID.—An action may be maintained to recover back the consideration paid in money for a conveyance of the right to a sufficient quantity of water perpetually to irrigate plaintiff's land at all proper and seasonable times for the irrigation thereof, accompanied by a contract to deliver the water in an open ditch at the most convenient point on the margin of plaintiff's land, where there is a total failure of consideration, owing to an entire breach of the contract, and the entire worthlessness of the deed.

ID.—CONSTRUCTION OF CONTRACT—DELIVERY OF WATER AT PROPER AND SEASONABLE TIMES FOR IRRIGATION.—The contract to deliver the water "at all proper and seasonable times for the irrigation of said land" is to be construed as referring only to the recurring seasons of the year suitable for irrigation, and not as requiring the land to be cleared, ploughed, fenced, or improved as a condition precedent to the defendant's obligation to deliver the water. Where it appears that the defendant did not deliver the water at any season of the year, no allegation or finding "that a proper and seasonable time has existed" is necessary.

ID.—EXECUTORY CONTRACT—NONPERFORMANCE—FAILURE OF CONSIDERATION—RESCISSION—DAMAGES.—In all executory contracts the several obligations of the parties constitute to each reciprocally the consideration of the contract, and a failure to perform the contract constitutes a failure of consideration—either partial or total, as the case may be—within the meaning of section 1689 of the Civil Code, providing for a rescission of the contract for such failure. The remedy for the breach of the contract is not confined to an action for damages.

ID.—RECOVERY OF CONSIDERATION PAID—RESCISSION BEFORE SUIT—TOTAL FAILURE OF CONSIDERATION—IMPLIED PROMISE TO REPAY.—Where there is a total failure of consideration under an executory contract, and nothing of value has been received under the contract by the party seeking to rescind, it is not necessary that a formal rescission of the contract be made before bringing suit; but an action can be maintained to recover the consideration paid to the other party, under an implied promise for repayment.

ID.—RULES OF DILIGENCE AND LACHES INAPPLICABLE—ESTOPPEL OF DEFENDANT.—In an action involving the rescission of an executory contract, to recover the consideration paid as money had and received to the plaintiff's use, in case of total failure of consideration on the part of the defendant, the authorities bearing upon the questions of diligence and laches do not apply. The defendant in default cannot object that the plaintiff waited too long to bring such action.

ID.—DEED OF WATER RIGHT TO BE DELIVERED—OBLIGATION IN FUTURE—EXTINGUISHMENT BY JUDGMENT.—A deed of the perpetual right to a sufficient amount of water to irrigate the land of the grantee, to be taken from the water system of the grantor and delivered by the grantor in a ditch to be constructed to such land, cannot operate as a grant until delivery of the water, and creates merely an obligation to be performed by the grantor *in futuro*, which is extinguished by a judgment for recovery back of the purchase money paid, because of total failure of the consideration.

ID.—ABSENCE OF VALUE—SUPPORT OF FINDING—LEGAL CONCLUSION.—A finding that such deed has no value either to plaintiff or the defendant is supported by proof of total nonperformance of the obligation to be performed by the grantor *in futuro*, and is a

necessary legal conclusion from findings that defendant never delivered any water to the plaintiff, and had done nothing toward performing its promises and agreements, and that plaintiff received nothing of value from defendant under and by virtue of said water deed or grant.

ID.—PLEADING—FAILURE TO ALLEGE ABSENCE OF VALUE.—The failure of the plaintiff to allege specifically in the complaint that the water deed and grant was of no value is immaterial, where facts are alleged from which that fact appears as a necessary conclusion.

ID.—STATUTE OF LIMITATIONS—WRITTEN CONTRACT—REASONABLE TIME FOR DELIVERY OF WATER—ORAL AGREEMENT AS TO TIME.—An action founded upon the written contract between the parties for the delivery of water, construed as a contract to deliver it within a reasonable time, and interpreted under an admissible oral agreement of the parties, fixing a specified time as the limit for such delivery, is not barred by the provisions of section 337 of the Code of Civil Procedure, where the required delivery was less than four years before the commencement of the action.

ID.—LIMITATIONS INAPPLICABLE—FRAUD—OTHER RELIEF.—Where no fraud is charged in the complaint, and the action is not for relief on the ground of fraud or mistake, but is based upon an obligation growing out of failure to perform a written contract, upon which no cause of action arose until within four years before the commencement of the suit, the limitations prescribed by subdivision 4 of section 339 and by section 343 of the Code of Civil Procedure are inapplicable.

ID.—ELECTION TO RESCIND CONTRACT AND RECOVER MONEY PAID—RUNNING OF STATUTE AS TO IMPLIED CONTRACT.—The plaintiff had the election to treat the contract as still subsisting, notwithstanding any breach of it, and the limitation of subdivision 1 of section 339, referring to actions on contracts "not founded upon an instrument of writing," could not begin to run against an action to recover the purchase money for total failure of consideration of the contract until the plaintiff made his election to rely no longer upon the contract, and to sue for the money paid to the defendant under it.

ID.—INTEREST ON AMOUNT RECOVERED.—Legal interest may be allowed on the amount recovered for money paid under the contract from the date of the payment thereof.

APPEAL from a judgment of the Superior Court of Lassen County and from an order denying a new trial. F. A. Kelley, Judge.

The facts are stated in the opinion.

A. L. Shinn, and J. E. Pardee, for Appellant.

CXXIX. CAL.—24

Goodwin & Goodwin, for Respondent.

SMITH, C.—The plaintiff recovered judgment for the sum of eight hundred dollars, with interest from April 16, 1892, and costs—the principal sum adjudged being the amount of the consideration paid by the plaintiff to the defendant on a contract of the date named which the defendant had failed to perform.

The defendant appeals from the judgment and from an order denying a new trial. The material facts, as disclosed by the pleadings and findings, are as follows: The contract in question was accompanied, or rather preceded, by a deed of the same date from the defendant to the plaintiff purporting—for the consideration of eight hundred dollars in hand paid—to convey to the plaintiff "a perpetual water right for a sufficient quantity of water to properly and fully irrigate [the land described in the deed]; said water to be taken and used from the water system belonging to the party of the first part on Red Rock creek in said county," and the use of the water to be restricted to the land described.

By the contract—which was executed by both parties—the defendant agreed "to deliver in an open ditch, at the most convenient point on the margin of the [land described in the deed], at all proper and seasonable times for the irrigation of said land, a sufficient quantity of water to fully and properly irrigate the said land for the raising of all kinds of agricultural crops, each and every year perpetually"; and plaintiff agreed to pay therefor certain water rates.

The contract contained a proviso that the defendant should "not be liable in damages for a deficiency in water caused by drought, hostile diversion, forcible entry, temporary damages by flood or other accident"; and also the agreement, "that the grant this day made of water to irrigate said land, and hereinbefore mentioned, shall be and is subordinate to this agreement."

The land referred to in the deed and contract was, at the date thereof, public land of the United States; and the defendant—who at the time was engaged in the construction of its water system, consisting of a storage reservoir on Red Rock creek, and distributing canals and ditches leading therefrom—by its agent

suggested to the plaintiff the acquisition of this land from the government, and represented to him that the work on its water system would be prosecuted with due diligence and completed as soon as practicable; and thereupon, on the same day, before the execution of the deed and contract, but in contemplation of their execution, the plaintiff, relying on these representations, filed in the United States land office, under the provisions of the Revised Statutes for such cases made and provided, his declaration of intention to reclaim the said land, and paid the required fee. The deed and contract were then executed, and the consideration named (eight hundred dollars) paid.

It is found by the court *"that defendant has never completed said reservoir or completed the canals or ditches leading therefrom,* and has not constructed a ditch nearer than one and one-half miles of plaintiff's said lands, though defendant could have done so by the first day of January, 1896, had it used due or any diligence in prosecuting its said work as it promised plaintiff it would do. That defendant failed to deliver any water, etc.; . . . . that defendant prosecuted its work with due diligence until the summer of 1895, when said defendant ceased to work thereon, and since said time . . . . has done nothing toward performing its promises and agreements hereinbefore set forth; *that plaintiff received nothing of value from defendant under or by virtue of said water deed or grant, and that said deed or grant is of no value either to plaintiff or defendant."*

The two passages italicized indicate the portions of the finding objected to in the specifications of insufficiency of the evidence. With regard to the first, the specification is probably insufficient; but the case will not be materially affected if we substitute for the passage objected to the facts admitted on the trial and referred to in the specification—to wit, "that the said reservoir and canals leading therefrom were completed prior to 1893 to such an extent that defendant could have delivered water to the land of plaintiff by making a distributing ditch from the main canal to said land; . . . . and . . . . that the defendant has had sufficient water, and could have delivered the same to plaintiff each year until the spring of 1897." With regard to the finding as to the value of the supposed water right, according to the view we propose to take of the case,

it is but a necessary deduction from the other facts found, and is therefore supported by the evidence upon which they rest.

The principal contentions of appellant's counsel are, that there was no breach of the contract; and that—even if the breach be admitted—there was no right of rescission, and, in fact, no attempt to rescind or offer to reconvey the "water right" before the commencement of the action.

1. With regard to the first point it is contended that the contract was to deliver water only "at all proper and seasonable times for the irrigation of said land," and that "there is no allegation or finding that a proper and seasonable time has existed." The point of the contention is that the language of the contract is not to be construed as referring merely to the proper seasons of the year for irrigation, but as requiring also, as a condition precedent to the defendant's obligation to deliver the water, that the land should be "cleared, ploughed, fenced, or in (such) manner improved" as to be ready for irrigation. But clearly the language used refers only to the recurring seasons of the year, and the case is that defendant did not deliver the water at any season of the year.

2. The position of the plaintiff that the failure of one of the parties to a contract to perform does not, in any case, constitute a failure of consideration—and that the only remedy of the injured party is to recover damages—cannot be sustained. In all executory contracts the several obligations of the parties constitute to each, reciprocally, the consideration of the contract; and a failure to perform constitutes a failure of consideration—either partial or total, as the case may be—within the meaning of section 1689 of the Civil Code.

In the case of an executed contract—as, e. g., a deed of land of which the consideration is a promise to pay the purchase money—this is not always true; because in such cases, or generally in such cases, "the vendor has waived actual performance upon the part of the vendee, relying upon his mere promise to perform." (*Lawrence v. Gayetty*, 78 Cal. 126, 134[1]; *Hartman v. Reed*, 50 Cal. 485; *Schultz v. McLean*, 93 Cal. 358.)

---

[1] 12 Am. St. Rep. 29.

Which is but to say that, the actual inducement to the vendor
to enter into the contract, or, in other words, the sole and
sufficient consideration contemplated by him, is the mere obli-
gation of the vendee to pay, without regard to the contin-
gency of its performance.  For in such cases, almost universally,
the payment of the purchase money is secured by a lien on
the land sold, and the reliance of the vendor is upon his ability
to enforce the payment of the vendee, *in invitum.*  But the
rule, even if it could be regarded as universal, applies only to
the rescission of executed contracts, and not to executory con-
tracts, as in the case here.

3. Nor, where the failure of the consideration is total—
which implies, of course, that nothing of value has been re-
ceived under the contract by the party seeking to rescind—is
it necessary that a formal rescission be made before bringing
suit.  In such cases a suit may always be maintained for the
recovery of the consideration paid.  (*Santa Clara etc. Fuel Co.
v. Tuck,* 53 Cal. 304; *Rose v. Foord,* 96 Cal. 154; *Hayes v. Los
Angeles County,* 99 Cal. 79; 1 Chitty on Pleading, *362, note z;
Russ etc. Co. v. Muscupiabc etc. Co.,* 120 Cal. 527.[2])

In the authorities cited (except the last, where it is held that
a total failure of consideration may be pleaded as a defense
to a note without previous rescission) it is held that, where
there has been a total failure of consideration as to one party,
the law implies a promise on the part of the other to repay
what has been received by him under the contract; and accord-
ingly it was held, in the case first cited, that an attachment
was proper.

"Practically (indeed) there is no difference in the effect upon
the contract between the successful defense of a plea of a want
or total failure of consideration" (or, it may be added, an ac-
tion to recover back the money paid on a contract of which
the consideration has wholly failed), "and the successful ter-
mination of an action to rescind it.  In either case the con-
tract is rendered incapable of enforcement, the judgment be-
ing a bar to any future action."  But nevertheless the legal
action to recover the money paid in such a case, as money had

---

[2] 65 Am. St. Rep. 186.

and received to the plaintiff's use, differs, at least historically, from the equitable action to rescind and is too well established to be affected by the authorities, if there be any adverse, bearing on the latter action. The authorities bearing upon the question of diligence in rescinding can, therefore, have no application to this case; nor, indeed, were the case regarded as an action for rescission would they apply. Had there been even greater delay on the part of the plaintiff than there has been, it could not be regarded as laches, but rather as an indulgence to the defendant, "and it does not lie in the mouth of the defendant to say that he waited too long." (*Rose v. Foord, supra.*) We are not to be understood, however, as holding that, in cases of total failure of consideration, an action to rescind cannot be maintained without previous rescission. (*Kelley v. Owens,* 120 Cal. 510, 511.)

4. In this case it is found by the court that the water deed or grant was of "no value either to plaintiff or defendant," and that "plaintiff received nothing of value under or by virtue of it." This finding, we are of the opinion, is not only justified by the evidence, but is a necessary deduction from the other facts found. The right conveyed was not a right in the water of Red Rock creek, either in its natural state or as collected or flowing in the proposed reservoir and ditches of the defendant, but simply "a perpetual right to a sufficient amount of water, etc., . . . . to be taken from the water system" of the defendant, and to be delivered "in an open ditch" on the plaintiff's land, and to be used thereon exclusively. By the terms of the grant, therefore, the particular water in which a right was granted could be determined specifically only by the ditch, and could have no existence as a definite entity until thus determined. Hence, the deed could not operate as a grant until the ditch—by which alone the subject of the grant could be determined—was constructed, and the subject matter of the grant thus created or brought into being. It was therefore dependent for its character as a grant upon the construction of the ditch and the delivery of the water on the land. Until then, though in form a grant, it transferred no presently existing right, but merely created an obligation to be performed *in futuro,* and which was extinguished by the judgment in the

case. And this, indeed, seems to have been understood by the
parties, as is evidenced by the express proviso "that the grant
this day made of water to irrigate said land . . . . shall be
and is subordinate to this agreement"; which can only mean
that it was dependent for its vitality upon the defendant's per-
formance of the contract, and was to take effect only upon the
happening of that condition.

5. The defense of the statute of limitations cannot be sus-
tained. The action was not barred by section 337 of the Code
of Civil Procedure. By the express agreement of the parties,
as admitted on the trial, the defendant was not required or
expected to bring the water to the land before March 1, 1893;
which was less than four years before the commencement of
the action. In the contract the time for performance was not
specified, and the court below held that it was to be construed
as providing for a reasonable time. The oral agreement of the
parties was, however, admissible. (Code Civ. Proc., sec. 1856;
*Sivers v. Sivers*, 97 Cal. 518.) Subdivision 4 of section 338
has no application. The action is not for relief on the ground
of fraud or mistake; nor does section 343 apply. No cause of
action arose until within four years before the commencement
of the suit.

There remains, therefore, of the provisions pleaded only
subdivision 1 of section 339, referring to actions on contracts
"not founded upon an instrument in writing." But the ac-
tion is not for a breach of the original contract, but upon an
obligation growing out of the failure to perform it. The plain-
tiff was not bound to treat the contract as abandoned on the
first breach of it, or on any particular breach, but had his elec-
tion still to rely upon it. The statute could not begin to run
until he made his election to rely no longer upon the contract
and to sue for the money paid to the defendant under it. (*Ward
v. Marshall*, 96 Cal. 155.[3])

6. The failure of the plaintiff to allege in his complaint that
the water deed or grant was of no value is immaterial. The
facts are alleged from which this appears as a necessary conclu-
sion. The finding of the court on this point is a mere conclu-

[3] 31 Am. St. Rep. 198.

sion of law from the other findings; and other findings of the court claimed to be of matters not within the issues may be regarded as immaterial.   Nor was there any error in allowing legal interest on the amount recovered.   It is so held in *Rose v. Foord,* and other cases cited *supra.*

We therefore advise that the judgment and order denying a new trial be affirmed.

Haynes, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the judgment and order denying a new trial are affirmed.

Harrison, J., Garoutte, J., Van Dyke, J.

Hearing in Bank denied.

Beatty, C. J., dissented from the order denying a hearing in Bank.