[S. F. No. 9538. In Bank.—November 12, 1921.]

ANDREW F. MAHONY, Respondent, v. STANDARD GAS ENGINE COMPANY (a Corporation), Appellant.

[1] SALES—RECOVERY OF DEPOSIT—PLEADING—THEORY OF ACTION—INAPPLICABILITY OF CODE PROVISIONS.—Where an action to recover the deposit paid under an agreement to "furnish and install" gas engines was not upon an express warranty, or the action primarily one to reform a contract and recover damages for its breach as reformed, neither the provisions of section 3308 of the Civil Code, which establishes the measure of damages for the breach of an agreement by the seller to sell personal property not fully paid for in advance, nor of section 3313 of the same code, which prescribes the rule of compensation for the detriment caused by the breach of a warranty of the quality of personal property, were applicable.

[2] ID.—WARRANTY OF MANUFACTURED ARTICLE—INAPPLICABILITY OF CODE SECTION.—An action to recover the deposit paid under an agreement to "furnish and install" gas engines does not fall within section 1770 of the Civil Code, which declares that one who manufactures an article under an order for a particular purpose, warrants by the sale that it is reasonably fit for that purpose, in the absence of an allegation that the defendant manufactured or agreed to manufacture the engines.

2. Implied warranty by manufacturer or vendor of machinery or apparatus not in itself defective of fitness for use under existing conditions, note, 6 L. R. A. (N. S.) 180.

[3] ID.—CONTRACT FOR SALE OF GAS ENGINES—RESCISSION—REFUSAL TO ACCEPT.—In view of section 1689 of the Civil Code, which declares that a party to a contract may rescind it where through the fault of the party as to whom he rescinds the consideration for his obligation fails, in whole or in part, the refusal of the purchaser to accept engines tendered which would not develop the stipulated horse-power was a rescission of the contract, without an express statement of rescission.

[4] ID.—FAILURE OF CONSIDERATION—ACTION FOR MONEY HAD AND RECEIVED.—Where a claim for the recovery of a deposit paid on account of the purchase price of gas engines is based upon an alleged total failure of consideration in that the engine tendered did not comply with those to be furnished under the contract, an action for money had and received is maintainable, since in such a case the law raises a promise on the part of the seller to repay the money, and without any previous request.

[5] ID.—TOTAL FAILURE OF CONSIDERATION—RECOVERY OF DEPOSIT—FORMAL RESCISSION UNNECESSARY.—Where gas engines tendered were of no value to the purchaser because of their failure to develop the stipulated horse-power, the failure of consideration was total, and no formal rescission of the contract was necessary before suit to recover the deposit.

[6] CONTRACT—MUTUAL MISTAKE—REFORMATION.—In view of section 3299 of the Civil Code, a contract in writing may be revised for a mutual mistake, so as to truly express the intention of the parties.

[7] SALES — RECOVERY OF DEPOSIT — REFORMATION OF CONTRACT — MUTUAL MISTAKE—FINDING.—In an action to recover the deposit paid under a contract for the purchase of gas engines, wherein the plaintiff also sought a reformation of the contract so as to include a provision as to horse-power alleged to have been omitted by mutual mistake, a finding that the omitted provision was a mistake on the part of the parties to the contract was the equivalent of a finding that it was a mutual mistake.

[8] CONTRACT — REFORMATION — WHEN UNNECESSARY. — Where the reformation of a contract is not for the purpose of enforcing it as reformed or to recover damages for its breach, but to show a total failure of consideration, it is not necessary that it be formally revised.

[9] SALES — REFORMATION OF CONTRACT — FINDING.—A finding in an action to reform a contract for the purchase of gas engines that plaintiff executed the contract in the "belief" that it contained a provision calling for the development by the engines of certain

6. Mutual mistake as ground for reformation of written instruments, notes, 30 Am. St. Rep. 621; 117 Am. St. Rep. 227; 3 Ann. Cas. 444.

brake horse-power, justifies a reformation of the contract, in view of the general finding that the omission was a mistake on the part of the parties.

[10] ID.—PLEADING — OVERRULING OF DEMURRER — ERROR WITHOUT PREJUDICE.—In such action, error in overruling the demurrer to the complaint for failure to allege whether the omission of the provision as to the engines developing a certain horse-power was a mutual mistake, or a mistake of the plaintiff which the defendant at the time knew or suspected, was not prejudicial, where the answer contained a denial that there was any mistake made by either party and alleged that the contract embodied all conditions intended to be contained therein.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Daniel C. Deasy, Judge. Affirmed.

The facts are stated in the opinion of the court.

W. H. Spaulding, A. F. Lemberger and V. G. Skinner for Appellant.

Henry A. Jacobs and G. B. Blanckenburg for Respondent.

SHURTLEFF, J.—This appeal is upon the judgment-roll alone and is from a judgment in favor of plaintiff against the defendant.

The allegations of the amended complaint, essential to the determination of the questions presented, are that the parties entered into an agreement whereby defendant agreed to furnish and install two gas engines, "240 I. H. P. [Indicated horse-power] . . . for the price of forty thousand (40,000.00) Dollars"; that such agreement was executed in confirmation of a written proposal theretofore submitted by defendant to plaintiff and verbally accepted by the latter, which provided that the engines should develop not less than 150 *brake horse-power;* that it was the intention of the parties that a stipulation to that effect should be included in the contract. That the contract erroneously omitted any reference to, or warranty of, the development of 150 brake horse-power; that plaintiff executed said agreement in the belief that said provision was therein contained; that the omission of said provision warranting the development, by said engines contracted for, of 150 brake horse-

187 Cal.—26

power was a mistake. "That at the time of entering into said agreement and prior thereto defendant was informed and advised by plaintiff of the particular purpose for which said engines were to be used, and defendant at all times was informed and advised and had actual knowledge that it was required by plaintiff, and that it was necessary that said engines develop not less than 150 brake horse-power, otherwise said engines would be of no use for the purpose required." That defendant at all times, both prior to and at the time of, entering into said contract, agreed with and warranted to plaintiff that each of said engines would actually develop in excess of 150 brake horse-power. That plaintiff, relying upon said warranty and agreement on the part of the defendant, paid defendant the sum of ten thousand ($10,000) dollars as a deposit on account of the purchase price of said engines.

That thereafter defendant notified plaintiff that the engine mentioned in the said written agreement "would develop only 140 brake horse-power, whereupon plaintiff refused to accept delivery of said engines and demanded a return of said deposit of ten thousand ($10,000.00) dollars," which defendant refused. The prayer is for a money judgment only, to wit, the sum of ten thousand dollars and interest. The defendant demurred generally and specifically to the complaint, which demurrer was overruled. Whereupon the defendant answered, admitting the execution of the agreement, which is set forth *in haec verba,* but denied all of the aforementioned allegations of the complaint, particularly the one to the effect that it was agreed that the engines should develop 150 brake horse-power, or any other brake horse-power, and averred that the only proposal submitted to the defendant by plaintiff was embodied in the agreement set forth in the answer, which agreement makes no mention whatever of "brake horse-power." It denied that the omission from the contract of a provision warranting the development by the engines of 150 brake horse-power, or any other brake horse-power, was a mistake, or that there was any mistake made by either plaintiff or defendant in the execution of the contract, and averred "that the said contract embodied all and every condition, warranty, and reference intended by the parties to be contained therein." Payment of ten thousand dollars is admitted,

coupled with the averment that it was paid under the terms of the contract set forth in the answer.

The defendant also filed a cross-complaint, which refers to the contract mentioned in its answer, makes it part of such cross-complaint, and alleges upon information and belief that plaintiff entered into a contract with the Standard Oil Company to furnish the latter two engines which would develop "in the amount of 150 brake horse-power," which were the engines covered by the contract between plaintiff and defendant. It is further stated in the cross-complaint that "after the *engine* had been built by the manufacturer as called for in the contract," defendant (cross-complainant) was informed by the manufacturer that it would only develop 140 brake horse-power, although built in accordance with the terms of the contract between plaintiff and defendant. That defendant informed plaintiff of that fact and offered to rescind the contract between plaintiff and defendant "and tender to the said plaintiff the sum of ten thousand dollars" paid by plaintiff to defendant under the terms of the contract, which offer plaintiff refused to accept, "but demanded that this defendant procure the engine from the manufacturer, and in reliance upon the terms of said contract and in pursuance of the said demand" the defendant ordered the "said engines shipped"; that plaintiff refused to take delivery, and that by reason thereof defendant has been damaged in the sum of twenty thousand dollars, upon which amount ten thousand dollars has been paid. A demurrer to the cross-complaint was overruled; thereupon plaintiff answered denying the material allegations of the cross-complaint with the exception that the Standard Oil Company was a corporation, and repeating certain allegations of his amended complaint, and averring that the engines called for by the contract between him and the defendant were "to be installed in a motor boat being constructed by plaintiff for the Standard Oil Company, and which, under the terms of the contract of plaintiff with said Standard Oil Company," it was "agreed would develop 150 brake horse-power," of which the defendant at all times had knowledge.

The necessity for the foregoing exhaustive *résumé* of the pleadings is apparent from what follows.

The court made its findings covering every material issue raised by the pleadings and rendered judgment in favor of

plaintiff, from which judgment defendant prosecutes this appeal.

The defendant contends that the judgment is erroneous because not supported by the findings in the following particulars: *First*—That there was no expressed or implied warranty as to brake horse-power; that the engines tendered by defendant were in full performance of the contract and that plaintiff, in not accepting them when tendered, violated his contract. *Second*—"That plaintiff has mistaken his remedy in seeking to recover the part payment for the reason that the findings show that he has at all times refused to cancel the contract even after knowledge that the engines would not develop over 140 brake horse-power; that he has not rescinded nor offered to rescind and that he has not sought to reform the contract and sue for the damages sustained by reason of the alleged breach of the reformed contract."

[1] We think most of the foregoing contentions are predicated upon a misconception by defendant of plaintiff's cause of action and the theory of his claim for recovery. He is not suing upon an express warranty as to brake horse-power, neither is the action primarily one to reform a contract and recover damages for its alleged breach as so reformed. We agree with defendant that neither the provisions of section 3308 of the Civil Code, which establishes the measure of damages for the breach of an agreement by the seller to sell personal property, not fully paid for in advance, nor of section 3313 of the same code, which prescribes the rule of compensation for the detriment caused by the breach of a warranty of the quality of personal property, are applicable here. [2] Furthermore, this is not a case falling within section 1770 of the Civil Code, which declares that "one who manufactures an article under an order for a particular purpose, warrants by the sale that it is reasonably fit for that purpose," for it is not alleged, nor found, that the defendant manufactured, or agreed to manufacture, the engines covered by the contract—his undertaking was "to furnish and install" them.

[3] Plaintiff's claim for the recovery of the ten thousand dollars paid by him on account of the price of the engines in question is based upon an alleged total failure of the consideration upon which it was paid in that the engine tendered did not comply with those to be furnished under

the contract which the court found was entered into by him with the defendant. In short, the action is for money had and received, which this court has held may be maintained whenever an equity or legal right arises from the circumstances that one person has money which he ought to pay to another. (*Quimby* v. *Lyon,* 63 Cal. 394.) In such a case, the law raises a promise on the part of the receiver of the money that he will pay it to the person entitled thereto, and that, too, without any previous request. (*Hawley* v. *Sage,* 15 Conn. 52, 56.) The gist of the present action is, that the law will not permit defendant to retain money paid it for an article which the trial court found failed to comply with what defendant had agreed to furnish plaintiff.

[4] The code declares that a party to a contract may rescind it where "through the fault of the party as to whom he rescinds, the consideration for his obligation fails, in whole or in part." (Civ. Code, sec. 1689.)

The following, taken from *S. C. V. Peat Fuel Co.* v. *Tuck,* 53 Cal. 304, is in point: "The substance of the complaint was, that the defendant, by a written contract [a copy of which was annexed to the complaint], had agreed with the plaintiff to construct a peat machine and its appurtenances within sixty days, at his own expense, and put the same in running order at a point on the San Joaquin River. The contract specifies the machinery, and as a part of it a scow of certain proportions; and the complaint avers that at the time of the execution of the agreement and soon thereafter the plaintiff paid to the defendant in advance, as a part of the contract price, several sums of money, amounting in the aggregate to four hundred and thirty-three dollars and fifty cents, and that though the time for performing the contract by the defendant had elapsed, he had never 'built, furnished, or put in running order, any peat or other machinery, . . . and refused so to do; and said plaintiff has never accepted any machinery from said defendant.' We think this is substantially an averment that the defendant had failed and refused to perform any part of the contract; and the action is to recover the money advanced, on the ground that the consideration upon which it was paid had wholly failed. The authorities appear to be uniform to the effect that where a sum of money has been paid upon a consideration which

has entirely failed, the law implies a promise to refund it." (See, also, *Rose* v. *Foord,* 96 Cal. 152, [30 Pac. 1114]; *Richter* v. *Union Land etc. Co.,* 129 Cal. 367, [62 Pac. 39].)

We cannot concede the correctness of defendant's contention that there was no rescission of the contract in question by plaintiff. It is true that the court found that defendant at one time offered to cancel the contract, which offer was refused, and that plaintiff demanded that defendant fulfill it, but the court further found "that *thereafter* defendant tendered to plaintiff . . . the same engines that defendant notified plaintiff would develop only 140 brake horse-power; that plaintiff refused to accept [them] . . . and thereupon demanded of said defendant the return of the said deposit of ten thousand dollars." This is clearly a finding of rescission by plaintiff, and it was in fact a rescission; plaintiff could not have done more, except, possibly, to have said, which would have added nothing to the efficiency of the rescission, "I rescind the contract existing between us."

[5] In *Richter* v. *Union Land etc. Co.,* 129 Cal. 367–373, [62 Pac. 39], this court said: "Nor, where the failure of the consideration is total—which implies, of course, that nothing of value has been received under the contract by the party seeking to rescind—is it necessary that a formal rescission be made before bringing suit. In such cases a suit may always be maintained for the recovery of the consideration paid. . . . In the authorities cited (except one) it is held that, where there has been a total failure of consideration as to one party, the law implies a promise on the part of the other to repay and what has been received by him under the contract." In the case at bar the failure of consideration was total, for it clearly appears from the findings that unless the engines developed not less than 150 brake horse-power, they would be of no use for the purpose required, and hence of no value to plaintiff.

[6] Appellant correctly affirms that the law is well settled, to use the language of the statute, that "the execution of a contract in writing, . . . supersedes all the negotiations or stipulations concerning its matter which preceded or accompanied the execution of the instrument" (Civ. Code, sec. 1625), and adds that such prior "negotiations and agreements cannot be availed of by either party to

vary the terms of a subsequent written instrument," but, as the findings indicate was done, the plaintiff in offering, and the court in receiving, evidence tending to show that the agreement of the parties was that the engines should develop 150 brake horse-power, did not transgress this well-established principle of law. It was not an attempt to vary, and, if satisfactorily established, did not *vary*, the terms of the contract. Its purpose was to revise the contract, which, due to a mutual mistake of the parties thereto, did not, as written, truly express their intention—a remedy expressly given by section 3399 of the Civil Code, which provides: "When, through fraud or a mutual mistake of the parties, or a mistake of one party, which the other at the time knew or suspected, a written contract does not truly express the intention of the parties, it may be revised on the application of a party aggrieved, so as to express that intention, so far as it can be done without prejudice to rights acquired by third persons, in good faith and for value." [7] The court found "that the omission of said provision stating that said engines contracted for would develop 150 brake horse-power was a mistake on the part of the parties hereto," which was the equivalent of finding that it was a mutual mistake.

[8] It is not necessary that the contract be formally revised (*Gardner* v. *California Guarantee Inv. Co.*, 137 Cal. 71, 75, [69 Pac. 844]), and especially in a case where, as here, the reformation is not for the purpose of enforcing it as reformed, or seeking damages for its breach, but to show a failure of consideration. Moreover, there is no allegation that the rescission prejudiced rights acquired by a third person.

The authorities cited by respondent to the proposition that a contract cannot be revised by a party thereto because of an omission due to his own negligence are not pertinent to the discussion of any of the questions arising here, for there is no finding that the mistake was due to the negligence of plaintiff.

[9] Defendant further urges that the finding that plaintiff executed the agreement in the belief that it contained the provision which called for the development by the engine of 150 brake horse-power does not justify a reformation of the instrument. In view of the fact that there is a general

finding that such omission "was a *mistake* on the part of the parties," which was the *ultimate fact to be found*, we can see no merit in this contention. Moreover, the "belief" of plaintiff was in the nature of a probative fact and in no manner inconsistent with the ultimate fact found—indeed, it tends to sustain the latter finding.

[10] There remains for consideration the contention that the amended complaint, as framed, does not raise the issue of "mutual mistake." It alleges "that the omission [from the contract] of said provision warranting the development by said engines contracted for of 150 brake horse-power was a mistake," which allegation was challenged by the special demurrer upon the ground of uncertainty in that it failed to state whether it "was a mutual mistake of the parties, or a mistake of plaintiff which the defendant at the time knew or suspected," which is practically the language of the section of the code just quoted. As we have said, the demurrer was overruled. While we think this was error (*Peasley* v. *McFadden*, 68 Cal. 611–616, [10 Pac. 179]), it was not prejudicial to defendant, since it did not affect any of its substantial rights. (Code Civ. Proc., sec. 475.) Its answer indicates that it construed the complaint as alleging that the mistake in it mentioned was a mutual one, for it contains a denial that "there was any mistake made by either the plaintiff or this defendant in the execution of the said contract," and, in addition, states the following: "and in this behalf defendant alleges that the said contract embodies all and every condition, warranty, and reference intended by the parties to be contained therein."

The pleadings and the finding of the court hereinbefore mentioned indicate that the issue of mistake was fully presented at the trial. .

We find no error in the record justifying a reversal, and are of the opinion that the findings amply support the judgment, and it is therefore affirmed.

Sloane, J., Lennon, J., Angellotti, C. J., Lawlor, J., and Shaw, J., concurred.

Rehearing denied.

All the Justices concurred.