[Civ. No. 7072. First Appellate District, Division One.—May 20, 1930.]

HOT–N–KOLD CORPORATION (a Corporation), Appellant, v. W. A. TODD et al., Respondents.

Morrison, Hohfeld, Foerster, Shuman & Clark and W. T. Fitzgerald for Appellant.

Walker & Walker for Respondents.

CAMPBELL, J., *pro tem.*—Plaintiff sued to recover $521, the balance of the purchase price of certain Kelvinator refrigerator equipment sold by plaintiff to defendant Katherine B. Todd under a contract of conditional sale providing for monthly payments. The total purchase price was $572, and a down payment of $51 was made, leaving $521 claimed to be due.

The plaintiff Hot-N-Kold Corporation was engaged in the sale and distribution of Kelvinator refrigeration equipment— not, however, in the manufacture thereof. The defendant Katherine B. Todd conducted a delicatessen business in the city of Alameda under the name and style of Mastic Bakery

and Delicatessen. On August 30, 1928, defendant Katherine B. Todd, the proprietor of that business, executed a written order addressed to plaintiff whereby she ordered certain Kelvinator refrigeration equipment and certain display cases to be placed in her bakery and delicatessen store for the purpose of keeping delicatessen supplies and other goods in a fresh and salable condition. She paid in cash at that time the sum of $75 and agreed to pay the balance in twenty-four equal monthly installments of $25.28, including finance charges; the total amount payable under this order was $681.72. All of the equipment described in the order was delivered to and installed in defendant's place of business by plaintiff. Thereafter two other contracts were signed by defendant Katherine B. Todd. One of these dealt with the show and display cases described in the earlier order and was between her and the Oakland Show-Case Company. We are not here concerned with the enforcement of that contract. The other contract, dated October 5, 1928, included only the Kelvinator equipment described in the order and is the contract declared upon by the plaintiff in this action. This contract shows a total purchase price for the Kelvinator equipment of $572, a cash payment of $51 credited thereon, and a balance of $521 due in monthly installments of $21.73 each beginning on October 8, 1928. Respondents maintain that there was but one contract and that the written order bearing date August 30, 1928, wherein the terms of sale are set forth and wherein the so-called Re. Dis. Co. contract dated October 5, 1928, is specially referred to as being "part and parcel of" the document dated August 30, 1928, and that the contract dated August 30, 1928, is the real contract in the case and the latter contract is a part of the original agreement. None of this balance alleged to be due was paid, and plaintiff commenced this suit upon the contract to recover the entire balance of $521.

Defendants answered and defended upon the following grounds: That W. A. Todd was not a party to either of said contracts and had no interest in the delicatessen business, which it was admitted belonged to his wife, the other defendant; that defendant Katherine B. Todd had rescinded the sales agreement and offered to return the Kelvinator equipment for the reason that it failed to furnish such refrigeration as it was supposed to furnish and consequently

that there was a failure of consideration. The defendant Katherine B. Todd also, by way of cross-complaint, claimed damages in the sum of $86.06 for breach of warranty.

Judgment was entered against plaintiff and in favor of defendant Katherine B. Todd for $86 and $16.50 as costs, and from such judgment plaintiff has appealed.

The testimony of defendant's witnesses was that the temperatures required for the purposes of defendant's business were between 38 degrees and 48 degrees, but that the machine maintained temperatures ranging from 45 degrees to 56 degrees and that the equipment as installed was insufficient to provide the refrigeration for such purposes. It further appears that after the installation of the equipment considerable difficulty was experienced. Respondent reported the failure of the equipment to properly function, and appellant made changes in the mechanism, changed the motor and did certain repair work without the desired result. Respondent put up with the inconvenience for a considerable time, giving appellant ample opportunity to adjust in some manner the equipment so that proper refrigeration might be had, and finally notified appellant to remove the equipment. Upon appellant's failure to do so respondent had it removed and placed in storage, subject to appellant's order. Plaintiff's witnesses were unable to testify as to the temperatures maintained, but testified that in servicing the machine only minor repairs were necessary and that the equipment as installed was sufficient to provide the ordinary refrigeration for which such machines are made. The case was tried by the court without a jury. Findings were waived and judgment was given against plaintiff and for Katherine B. Todd.

Appellant urges that the evidence shows no attempt to rescind on the part of Katherine B. Todd; that if, however, it be assumed that there was evidence of rescission, there was no such right to rescind because Katherine B. Todd was in default; that there was no breach of warranty to enable respondents to rescind, and that if there were a breach of warranty, such breach did not give the right to rescind, but at most damages as an offset to the purchase price.

As to appellant's first contention that Katherine B. Todd made no attempt to rescind but that the notices of rescission contained in letters written by attorneys Walker &

Walker stated that W. A. Todd rescinded, who, the evidence and pleadings show, had no interest in the business, it may be said that counsel for appellant at the trial conceded that the necessary steps to rescind were taken, as is shown by the following colloquy between the court and counsel: "Mr. Fitzgerald: We deny that they rescinded. The Court: No; here is what I mean; you are willing to concede that they took the necessary steps for rescission if they had a right to rescind. Mr. Fitzgerald: Yes, if they had a right to rescind." It was therefore unnecessary to show that Mr. Todd was the agent of his wife or that the attorneys writing letters of rescission stating that they were instructed by Mr. Todd to write, using "Mr." instead of "Mrs." in the notices of rescission, were acting for Mrs. Todd. It being conceded that the necessary steps to effect a rescission were taken, this matter was not further gone into, and no one was deceived by this failure to connect the authority of Mr. Todd. The necessary steps to effect a rescission being conceded at the trial, the objection cannot be urged for the first time on appeal.

■ The written order dated August 30, 1928, and which is claimed by respondents to be the contract, after reciting the equipment of Kelvinator refrigeration, contains the words "guaranteed and service for one year," and "It is understood and agreed that should the purchaser desire to purchase this equipment upon the deferred payment plan, the regular Re Dis. Co. contract will be signed by the purchaser upon presentation, and the said Re Dis Co. contract will carry a financing and interest charge over and above the net sum heretofore mentioned, as the agreed purchase price of this equipment, and that the said Re Dis Co. contract when signed *will become a part and parcel of this order.*" We agree with respondents' contention that the order of August 30, 1928, carrying the guarantee is the contract and that the later refinancing contract is an amendment thereto and becomes a part of the original contract. It is so expressly stated in the former contract, nor can there be any doubt that such was the intention of the parties.

The cases cited by appellant to the effect that a subsequent written contract rescinds, supersedes and is substituted for the earlier contract are therefore not in point. While it is true that in the modification of the contract executed October

5th there is a variance as to the monthly installments and total purchase price and also that the payments under the contract as amended were to be made to Refrigeration Discount Corporation instead of to appellant, the original contract containing the guarantee, not being modified nor changed in this respect, is not rescinded nor superseded.

In the agreement concerning the sale of refrigeration equipment the word ''guarantee'' was used in the sense of ''warranty'' (*Accumulator Co.* v. *Dubuque St. Ry. Co.*, 64 Fed. 70, 76 [12 C. C. A. 37]), and, therefore, while appellant was not a manufacturer and the equipment was not warranted to be fit for a particular purpose, appellant by guaranteeing or warranting the equipment stood in the same relative position as a manufacturer so far as warranty is concerned, and warranted the fitness of the equipment for the general purpose for which articles of the kind are designed and used.

It is common knowledge that a refrigerator is manufactured and intended for the purpose of keeping food products in a wholesome condition and prevent their spoiling. This, according to the testimony of respondents' witnesses, it did not do, and therefore the refrigeration equipment was of no value at all to respondent Katherine B. Todd. This fact could not have been foreseen by Mrs. Todd before the installation of the equipment. Where the thing tendered is by reason of nonconformity to the seller's guarantee inadequate for the purpose for which it is sold, the buyer is entitled to repudiate the transaction, and the statutory provision permitting rescission for failure of consideration is applicable (*Mahony* v. *Standard Gas Engine Co.*, 187 Cal. 405 [202 Pac. 146]). In the present case, as in the one just cited, the failure of consideration was total, as it appears that the refrigeration equipment was of no use for the purpose for which it was purchased and for which it was designed and generally used. ''Nor, where the failure of the consideration is total—which implies, of course, that nothing of value has been received under the contract by the party seeking to rescind—is it necessary that a formal rescission be made before bringing suit'' (*Richter* v. *Union Land etc. Co.*, 129 Cal. 367, 373 [62 Pac. 39, 40]; *Mahony* v. *Standard Gas Engine Co.*, supra).

Appellant urges that the question of the general fitness of the equipment for the purpose for which it was manu-

factured is quite immaterial because such issue is not raised by the pleadings, nor evidence produced nor finding by the court on such issue. That there is no finding is conceded, as findings were waived. There was, however, evidence that the equipment would not perform the purpose for which it was manufactured and intended. That no such issue was raised by the pleadings is answered by the fact that the "guarantee" contract by which appellant warranted the equipment, which was received in evidence, was not objected to as not being an issue, but only "it does not constitute the contract of the parties," and the case proceeded on the theory that there was an issue on this question.

From what has been said it is apparent that there is no merit in the remaining contention that the breach of warranty did not give the right to rescind, but only damages as an offset.

The judgment is affirmed.

Tyler, P. J., and Cashin, J., concurred.