[Civ. No. 27223. Second Dist., Div. One. Dec. 16, 1963.]

STEPHEN HAYES, Plaintiff and Appellant, v. 2831 EL-LENDALE PLACE, INC., Defendant and Respondent.

Scudder & Forde and Guy Richards Crump for Plaintiff and Appellant.

Homer H. Gooing for Defendant and Respondent.

WOOD, P. J.—The complaint alleges that defendant corporation became indebted to plaintiff Stephen Hayes for building construction services rendered at the special request of defendant, in the reasonable value of $7,500, and that no part thereof has been paid.

The eighth alleged affirmative defense is that the alleged cause of action is barred by the statute of limitations, section 339, subdivision 1, of the Code of Civil Procedure (i.e., action on oral contract barred within two years).

Pursuant to section 597 of the Code of Civil Procedure, and upon motion of defendant, the issue as to the statute of limitations was tried first. The court determined that the cause of action was barred by said provision of the statute of limitations. Plaintiff appeals from the judgment.

Plaintiff, a licensed contractor, testified that: Between October 1, 1957, and June 1, 1958, he acted as the general building contractor in constructing, for defendant, a 24-unit apartment building at 2831 Ellendale Place in Los Angeles. That the reasonable value of the labor performed and materials used in constructing the building (including the demolition of an old building) was $75,149.48. He did not render any service for defendant after June 1, 1958.

Two building contractors, who were qualified to give opinions as to the reasonable value of services rendered by building contractors, and who were called as witnesses by plaintiff, testified as to the reasonable value of a general contractor's services in constructing the building involved here. Later, upon motion of defendant, the testimony of these two witnesses was stricken out.

The joint pretrial statement shows that the parties admitted that the plaintiff Stephen Hayes and George Latter (as contractors) entered into a written contract with defendant corporation (as owner) for the construction of the building, which contract is attached as "Exhibit A" to the defendant's cross-complaint herein. That statement also shows that the building was completed on May 12, 1958. Plaintiff Hayes introduced that contract in evidence.

Said contract recites, in part, as follows: The contract was made on October 25, 1957, between 2831 Ellendale Place,

364

Inc., a corporation, referred to therein as the "Corporation," and George Latter and Stephen Hayes, referred to therein as the "Contractors." The contractors, upon payment to them of $37,500, will convey to the corporation the real property located at 2831 Ellendale Place. The contractors will construct an apartment building on said property, according to the plans and specifications (referred to therein), at the contractors' cost. The corporation will pay all future bills for materials, labor, or otherwise arising out of "said improvements." The contractors shall have the exclusive right, for the first six months after the completion of the building, to select a real estate broker to sell the building at a price that may be agreeable to the parties to the contract. In the event the broker selected by the contractors does not sell the building within said six months, the corporation may, at its discretion, sell the building or retain another broker to sell it for the highest price obtainable and mutually agreeable to all the parties to the contract. The contractors shall be paid 50 per cent of the net profits realized on the sale of the building as compensation for their services—25 per cent of said profits to be payable to Latter and 25 per cent to be payable to Hayes. The net rentals from the building shall be considered as part of the net profits. The contractors agree that, except as provided in the contract, they will make no other charge to the corporation for any services rendered by them in connection with the construction of the building.

This action was commenced July 12, 1960.

Plaintiff offered to prove as follows: He alone, as general contractor, constructed the building on the real property described in the agreement of October 25, 1957, and he did so with the knowledge and consent of defendant. The building was completed on or before May 12, 1958, and was accepted and occupied by defendant. At some time within two years prior to the filing of the complaint, the facts being known to the defendant, but the date not being known to the plaintiff, the defendant sold the building without the consent of either Latter or plaintiff, and in doing so breached the agreement of October 25, 1957, in that defendant sold the building without the knowledge or consent of plaintiff, and with the knowledge but without the consent of Latter. Plaintiff has received nothing for the construction of the building. The price obtained from the building, plus the rentals, was insufficient to provide any net profits payable to plaintiff. Said breach constituted a total breach of the agreement insofar as plain-

tiff is concerned. Plaintiff fully performed the services required of him as general contractor under the agreement. Latter had nothing whatever to do with the construction of the building.

Defendant objected to the offer of proof. It seems that the objection was upon the ground that "these things" were immaterial and irrelevant on the issue as to the statute of limitations. The objection was sustained. In making that ruling the judge stated: "[T]he ruling of the Court is not made upon the insufficiency of the offer or as to the form in which the offer of proof is made, but is made upon the ground that the offer of proof is immaterial and irrelevant and for the purpose of determining the issue of statute of limitations."

One of the findings was: "It is true that plaintiff's complaint on a common count for the reasonable value of services, work and labor, is barred by the Statute of Limitations ... and more particularly by the provisions of Section 339, subdivision 1, of the Code of Civil Procedure."

Also, under the designation of "Findings of Fact," the court stated: "There is some doubt as to whether or not the plaintiff is entitled to allege a cause of action on a common count of assumpsit for the reasonable value of work and services performed, in this case, but assuming that the plaintiff is entitled to file such an action, the cause of action arose at the time the work was completed and therefore is barred by the Statute of Limitations."

Respondent (defendant corporation) contends that plaintiff's cause of action, if any, would be upon the written contract, which contract plaintiff did not plead (for damages for breach of contract or to prove there was a net profit); and that the court properly ruled that an action by plaintiff for the reasonable value of his services would be barred by the statute of limitations which commenced to run when the building was completed.

Appellant contends in effect that, under the circumstances here where the defendant unjustifiably sold the property without his consent, he was not required to sue upon the written contract, and that his action for reasonable value of services, filed within two years after the building was sold, is not barred by the statute of limitations. According to the contract, the compensation to be paid to the contractors was a percentage of the net profits derived from selling the property with the consent of all the parties. Appellant argues that the contract provision requiring his consent, in connec-

tion with a sale, was for his protection in order to avoid such a contingency as that which occurred here, namely, a sale of the property by defendant for an amount which would not return a net profit.

The building was completed on May 12, 1958. The record does not show when the property was sold, but the offer of proof, which was rejected, stated that the sale was made within two years prior to the commencement of this action on July 12, 1960. Another part of such offer of proof was that the property was sold without the knowledge or consent of plaintiff, with the result that there was no net profit from which plaintiff could be paid and there was a total breach of the contract. Since the offer of proof was rejected on the grounds of immateriality and irrelevancy, it will be assumed for the purposes of this discussion that the matters referred to in the offer of proof are true.

Appellant argues further that since the defendant sold the property without plaintiff's knowledge or consent, and for an amount which was not sufficient to return a net profit, the defendant has rendered it impossible for plaintiff to recover on the original contract or to recover at all except for the reasonable value of his services. Apparently appellant's position is to the effect that defendant by its unjustifiable conduct in selling the building without appellant's consent rendered the compensation provision of the contract inoperative, and that by reason thereof appellant had the right to regard the compensation provision as having been abandoned by defendant, thereby giving plaintiff an election to seek recovery on the basis of reasonable value of services rendered, rather than to seek recovery on the contract—which would involve the intricate and extremely impracticable process of trying to prove that there was in fact a net profit or to prove what the net profit might have been, under various contingencies, if respondent had followed the contractual provision requiring the consent of plaintiff before selling the property.

"Civil actions, without exception, can only be commenced within the periods prescribed in this title, after the cause of action shall have accrued...." (Code Civ. Proc., § 312.) ■ "It is the general rule that a cause of action accrues when a suit may be maintained thereon, and the statute of limitations then begins to run." (*Maguire* v. *Hibernia Sav. & Loan Soc.*, 23 Cal.2d 719, 733 [146 P.2d 673, 151 A.L.R. 1062].) ■ In the present case, it is clear that a cause of action for contractors' compensation under the terms of the

contract did not accrue until the property was sold,—for the reason that, under such terms, compensation was not due until the property had been sold, and further the amount of compensation, based on the percentage formula, could not be determined until the property was sold. It is also clear that if plaintiff had a cause of action for the reasonable value of his services, under the above-mentioned theory that defendant had abandoned the compensation provision of the contract by selling the property without plaintiff's consent and without net profit, such a cause of action did not accrue until after the sale. In 1 Witkin, California Procedure, page 627, section 121, it is said: "If the obligation of the defendant is conditional upon the happening of an event or the act of a third person, the cause of action does not accrue until that time. A familiar example is a *promise to pay out of a particular fund*. The existence of the fund is a condition of the debtor's liability, and the statute does not begin to run until the fund is created." In the present case, plaintiff was to be paid from a fund created by a sale of the property, that is, from the net profits of a sale made with his consent. The property was sold without his consent and there was no net profit; however, the existence or nonexistence of such a fund or profit could only be determined after the property was sold, and therefore an asserted cause of action, whether based on the written contract or on a common count relating to the same transaction, did not accrue until the property was sold.

In *Richter* v. *Union Land etc. Co.*, 129 Cal. 367 [62 P. 39], the parties entered into a contract whereby defendant agreed to deliver in an open ditch a sufficient quantity of water for the irrigation of land described in a deed which defendant had executed in favor of plaintiff, who had paid defendant $800 as consideration for the contract and deed. In that case the trial court found that defendant had not constructed a ditch for delivery of water on the land, and had failed to deliver any water; and that plaintiff received nothing of value from the defendant. It seems that the action was for money had and received. One of the alleged defenses therein was the bar of the statute of limitations, section 339, subdivision 1, of the Code of Civil Procedure. In discussing that alleged defense, the court said (p. 375): "But the action is not for a breach of the original contract, but upon an obligation growing out of the failure to perform it. The plaintiff was not bound to treat the contract as abandoned on the first breach of it, or on any particular breach, but had his election

still to rely on it. The statute could not begin to run until he made his election to rely no longer upon the contract and to sue for the money paid to the defendant under it.'' In the present case, the plaintiff had not paid money to defendant, but he had rendered services as a contractor in building the apartment building, and defendant had received the benefit of the services and had failed to comply with an important provision of the contract, namely, to obtain plaintiff's consent before selling the building. The result of the transaction was that plaintiff received nothing for his services.

■ As stated in *Maguire* v. *Hibernia Sav. & Loan Soc.*, 23 Cal.2d 719, 733 [146 P.2d 673, 151 A.L.R. 1062] : ''[T]he nature of the right sued upon and not the form of action nor the relief demanded determines the applicability of the statute of limitations under our code.'' ■ The right sued upon, in the present case, is the alleged right of plaintiff to be paid for the reasonable value of services rendered by him for the benefit of defendant.

In *Alder* v. *Drudis*, 30 Cal.2d 372, 381 [182 P.2d 195], in discussing the general rule applicable in a breach of a contract, it was said, in part, that one who has been injured by a breach of contract has an election to ''treat the contract as rescinded and may recover upon a quantum meruit so far as he has performed; . . .''

In the present case, by reason of the defendant's conduct in selling the building without plaintiff's consent, the plaintiff was entitled to regard the compensation provision of the contract as having been abandoned by defendant, and plaintiff was entitled to seek recovery on the basis of the reasonable value of services rendered. This action, which was commenced within two years after the building was sold, is not barred by the statute of limitations.

The judgment is reversed.

Fourt, J., and Lillie, J., concurred.